## APPEAL OF ROBERT CAMPBELL.

FROM THE COURT OF COMMON PLEAS OF INDIANA COUNTY.

Argued October 19, 1887—Decided January 3, 1888.

1. In a scire facias to revive, etc., the entry of a judgment without hear-ing, on motion of plaintiff's attorney, for want of an affidavit of defence when there is one but it is not sufficient in law to prevent judgment, is an irregularity; but when, after a number of years, a second scire facias to revive, etc., is issued, served, and no defence made, a judg-ment entered thereon is conclusive, notwithstanding such irregularity.
2. In the distribution of the proceeds of a sheriff's sale of land against which as a participating lien is a purchase money judgment with a condi-tion in its terms that payment of a definite portion shall not be enforced until a known defect in the title be cured, the judgment will be pro-tected by the impounding of a sufficient sum, until the performance of the condition.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 210 October Term 1887, Sup. Ct.; court below, No. 41 June Term, 1885 (Ex. D.), C. P.

In the distribution in the court below of the proceeds of the real estate of James W. Chambers, sold at sheriff's sale to the execution number and term stated, a contention arose between Robert Campbell and others, lien creditors.

On March 4, 1875, an amicable judgment to secure the pur-chase money of real estate, in the deed for which the wife of Robert Campbell had not joined, was entered in favor of Robert Campbell against James W. Chambers, for $2,900, payable $900 April 3, 1875; $1,000 April 3, 1876; $1,000 April 3, 1877; the whole sum to bear interest from April 3,

1875, to be paid annually, "with leave to issue execution to enforce payments as they respectively fall due, except as to the payment that falls due April 3, 1877, on which no execution shall issue unless the said plaintiff, Robert Campbell, shall fully perfect and complete his deed, bearing even date herewith, in respect to the interest his present wife may now have or in the future may have in regard to the real estate above mentioned ; but this restriction shall not deprive the defendant of any legal right in regard to the payment of the same."

On January 12, 1880, to No. 54 March Term 1880, a scire facias was issued to revive said judgment, when, on February 16, 1880, the defendant filed an affidavit of defence setting out, substantially, that the judgment had been confessed upon the terms stated ; that certain payments had been made on account thereof ; a tender in 1878 of $1,100 in full payment of the balance unpaid ; that the plaintiff's wife was still living and he had entirely failed to deliver a deed conveying his wife's present and future interest in the land purchased; and, in addition, a number of judgments in attachment suits against said Campbell with the defendant as garnishee, in which the moneys attached would in amount exceed the sum owing by the defendant. "On June 22, 1880, on application of plaintiff's attorney, judgment for want of affidavit of defence for $1,313.32 and costs of suit."

On December 8, 1884, to No. 13 March Term 1885, a scire facias was issued to revive the foregoing revived judgment, and the writ being duly served on the defendant and on Joseph Bowman, terre-tenant, on February 21, 1885, judgment was entered for want of affidavit of defence for $1,688.66, and costs.

On March 7, 1885, petitions were presented and orders were made, filed to the records of both said judgments, and rules granted to show cause why each of them should not be opened and defendant let into a defence. On June 12, 1885, the rule granted in No. 54 March Term 1880 was changed to a rule to show cause why the judgment should not be set aside.

The sheriff's sale of the land bound by said judgments having in the meantime taken place, on June 12, 1885, an auditor was appointed to distribute the proceeds, and the auditor was

"directed to ascertain and report if any balance, and, if so, how much is payable to the judgment of Robert Campbell to No. 13 March T. 1885, and if any amount is payable to said judgment to report the terms and conditions upon which the same is to be paid."

The auditor, *Mr. D. B. Taylor*, filed a report in which he found the foregoing facts, and, discussing the power of an auditor, charged with the distribution of the proceeds of a sheriff's sale to lien creditors, to inquire into the validity or regularity of a judgment lien: Thompson's App., 57 Pa. 177; Meckley's App., 102 Pa. 542; Malone's App., 79 Pa. 481; Woods v. White, 97 Pa. 227; found that, under his appointment the validity of the judgment to No. 13 March Term 1885, and the amount due thereon, had been referred to him for consideration, and held that the affidavit of defence filed by the defendant to the first scire facias was clearly insufficient to prevent judgment of revival and might have been treated by the court as a nullity: Huber v. Commonwealth, 11 W. N. 496; that the judgment was regular and stood unquestioned till the second scire facias was issued and judgment entered thereon, which judgment was therefore not to be disregarded in the distribution; that the provision in the judgment that "this restriction shall not deprive the defendant of any legal right in regard to the payment of the same," did not confer upon Chambers the right to make the tender of 1878 to Campbell, in order to stop the interest, upon a condition which he knew was impossible for Campbell to perform: Burk's App., 75 Pa. 146; and therefore the tender did not affect the judgment in the distribution: Williams v. Bentley, 27 Pa. 302; Cornell v. Green, 10 S. & R. 17; Sherdine v. Gaul, 2 Dall. 190. The auditor found the amount due upon the judgment to be $1,630.23, and directed that sum to be paid into court to abide the result of said execution-attachments, and after payment of such of said attachments as might be entitled thereto, the balance if any to be awarded to Robert Campbell.

To this report other lien creditors filed exceptions, and on argument, the court, NEALE, P. J., 33d district, holding special term, filed an opinion and decree, inter alia, as follows:

The material question in the present controversy arises at

this point. In its determination two considerations are presented:

First, as to the ordinary power of the auditor appointed merely to make distribution, to determine the validity of the Robert Campbell judgment as thus entered.

Second, as to his power under the terms of his appointment in this particular instance.

In the first aspect the inspection of the record at once conveys notice of the fact that a judgment, wholly irregular on its face, was entered upon the first scire facias. This notice is emphasized by the offer of the defendant's counsel to show the flagrant irregularity, by the rules of court applying to the taking of judgment, under the affidavit of defence rule, and the pending application and rule to strike off the judgment.

The power to take judgment for want of an affidavit of defence is of statutory creation, promotive of a speedy determination of causes and in the interest of the plaintiff; but it is in derogation of common right and therefore must be strictly pursued. Where no affidavit of defence has been filed, and in a proper case, judgment is of course. Or where an affidavit of defence has been filed and the same is deemed insufficient, judgment may be had upon motion for want of a sufficient affidavit of defence, according to rule of court: Endlich, Affidavits of Defence, 104, § 86 (f); subject, however, to the defendant's right to file supplemental affidavit before the rule is called for argument. The granting of the judgment is thus taken from the party and becomes a judicial act.

Even the case of Commonwealth v. Huber, 11 W. N. 496, cited by the learned auditor in support of his action, in the opinion of the court goes only so far as to say that the court may treat the affidavit of defence as a nullity. The utmost that can be drawn from that case is that when a paper is filed purporting to be an affidavit of defence, when it in fact discloses no such character, it may be treated as a nullity. In the case cited the court might well have sanctioned such procedure. But, certainly, under the affidavit of defence law it was never contemplated, and never can be, that the functions of a court to determine an issue of fact or of law could arbitrarily be assumed by the very party in interest; that he should vest himself with the power of determining the sufficiency or

insufficiency of an affidavit of defence, which in so many instances approach, either way, so very close to the border line, and very often present intricate questions for judicial or legal interpretation.

In the present case, if the application were made in open court, it was without a rule being asked for and was misleading; as the application was for a judgment "for want of an affidavit of defence;" in effect a false declaration "that no affidavit of defence had been filed," and therefore the allowance of judgment would follow as of course. Consequently it should be regarded in no better light than as an extra-judicial or office judgment. In no event, we think, could the paper filed be treated as a nullity. It purported to be an affidavit of defence; was sworn to as such. It alleged a defence to the whole of plaintiff's claim, and specified the nature of the defence. The court alone could determine its sufficiency. "For a judgment cannot be taken for want of an affidavit of defence if there is one:" Wilson v. Hays, 18 Pa. 357. "Where an affidavit of defence has been filed judgment cannot be taken for want of one:" Endlich, Affidavits of Defence, 474, § 625. The principle is also stated in Gannon v. Fritz, 79 Pa. 303, and O'Hara v. Baum, 82 Pa. 416. Outside of the authority contained in the appointment, the learned auditor had the right to inquire into the regularity of the judgment: Appeal of 2d Nat. B'k of Titusville, 85 Pa. 530. Therefore the first and only conclusion in this case must be that this judgment as entered was wholly and fatally defective.

But in the second aspect, if the learned auditor was clothed with the authority of the court of disposing of the questions raised by the pending rules to open and strike off, and could exercise the power of determining the whole case, no other course was open to him than to make the rule to strike off the judgment absolute, unless the laches of the defendant furnished a sufficient reason for not doing so. Yet, up to the time of the service of the scire facias to No. 13 March Term 1885, he was guilty of no laches. He had a right to presume upon the sufficiency of the affidavit of defence and to await further action and warning in the case when it was filed. It is true that whilst the judgment entered to No 54 March Term 1880, although wholly irregular, might under certain circumstances

be treated as simply voidable and therefore sufficient to support the judgment entered at No. 13 March Term 1885. This view would be tenable in the absence of any application on the part of the defendant himself to avoid the judgment entered at No. 54 March Term 1880. But the record discloses an actual application on the part of the defendant to set aside this judgment and the allowance of a rule. Hence in passing upon the effect of this rule, and bound as a court would be, if the learned auditor found the affidavit of defence *in fact* an affidavit of defence, although insufficient, he must have pronounced the judgment, as taken, void.

Therefore in this connection we refer to the affidavit of defence again, and find that it alleges, under oath, a defence to the whole of plaintiff's claim; that it specifies payment of the two first payments, which may or may not have been those entered and acknowledged; an actual payment upon a judgment entered against Campbell that was an incumbrance; the tender of payment of the remaining instalment, which a court would doubtless have determined insufficient; that judgment had been recovered against him as garnishee in an attachment, and that other attachments, aggregating a large sum, had been served upon him. Upon an issue joined would not these facts constitute a defence, both in diminishing the amount and modifying the judgment? Why should the defendant be precluded in the right to set them up as substantial matters of defence? Can it be questioned that the attachments, if valid, would bind the interest of Campbell in the land conveyed? How far the defendant would be precluded from defalcating the amount of such attachments or judgments upon them after an issue joined in the scire facias and judgment thereon if he had failed to plead them; or to what extent he would have been estopped in so doing upon a judgment in default for want of an affidavit of defence, and more particularly after a second judgment of revival, such as this record presents, we do not now determine; but certainly the suggestion of these facts conclusively shows that the affidavit of defence filed may have been substantial, at least more than a mere nullity. Therefore, we think, since the learned auditor found himself fully empowered to determine the whole question, it was his plain duty to pronounce the judgment entered at No. 54 March Term 1880, whol-

ly irregular and to have sustained the rule to set it aside, which is now done. But as the scire facias was issued in the lifetime of the original lien, we think it sustained the lien of the original judgment for five years from the date of issuing: Lichty v. Hochstetler, 91 Pa. 444; Fulton's Est., 51 Pa. 204; Hunter v. Lanning, 76 Pa. 25; Meason's Est., 4 W. 341. Hence up to Jan'y 12, 1885, the plaintiff had time and opportunity to perfect his judgment. He failed to do so but treated it as in all respects valid, and on Dec. 8, 1884, issued scire facias to No. 13 March Term 1885, to revive, which was duly served on Dec. 19, 1884, and judgment by default for want of an affidavit of defence taken on Feb'y 21, 1885, in due form. On March 7, 1885, the defendant obtained a rule to open this judgment and also judgment entered to No. 54 March Term 1880. Subsequently on June 12, 1885, the rule as to the last named judgment was amended to a rule to strike off, etc.

It cannot be claimed that the grounds for opening the judgment at No. 13 March Term 1885, so far as they excuse the default, possess any merit whatever. The simple fact that his attorney is dead was certainly insufficient. But in view of the impregnable grounds for setting aside the judgment at No. 54 March Term 1880, and that being done, we cannot see how the subsequent judgment depending upon it can be sustained, notwithstanding the neglect and laches of the defendant. "The revival of the original judgment is but a continuation of it. In form the proceeding by scire facias is a distinct action, but in fact it is not so. Satisfaction of the original judgment is a satisfaction of the judgment in the scire facias. So a reversal of the former has the same effect upon the latter:" THOMPSON, J., Eldred v. Hazlett, 38 Pa. 32; Buehler's Heirs v. Buffington et al., 43 Pa. 279; Dorrance v. Scott, 3 Wh. 314. By thus disregarding the judgment of Robert Campbell and disallowing it in the distribution, the fund so appropriated by the learned auditor must be applied to the lien judgments that were liens at the time of the issuing of the execution and sale of the property.

We do not see that the attachments can be regarded now in the light of liens, and therefore while they still may remain valid as claims against Chambers to the extent of his actual indebtedness to Campbell, we cannot recognize their right to

participate in the fund now for distribution in preference to the judgment liens, which appear sufficient to exhaust all the fund.

Therefore, in view of the position which we feel constrained to take, the exceptions, so far as controlled by this opinion, are sustained, and in so far the report of the learned auditor is reversed. And it is further hereby ordered and decreed that the amount set apart to the Robert Campbell judgments be applied to the judgments next in priority, according to the schedule of distribution annexed to the report.

From the decree thus made this appeal was taken, the said decree being assigned as error.

*Mr. W. L. Stewart* (with him *Mr. Samuel Cunningham, Watson & Telford* and *Mr. J. N. Banks*), for the appellant:

1. The affidavit of defence to No. 54 March Term 1880, was wholly insufficient to prevent judgment, and might therefore be treated as a nullity: Huber v. Commonwealth, 11 W. N. 496. Another reason why the judgment should not be disturbed, is that when in December, 1884, the second scire facias was issued and served, no defence was made to it, and judgment was regularly taken February 21, 1876. At most, the entry of judgment for want of an affidavit of defence, when there was one, which, however, on its face was insufficient, was but an irregularity; yet the irregularity was waived by the laches of the defendant: 2 Herm. Est. 1360; Roemer v. Denig, 18 Pa. 482; Biles v. Harper, 1 Pa. C. C. R. 666.

2. The Campbell judgment was the first lien. The power given to the auditor by his appointment was an authority to inquire and report as to the merits of the alleged defence set up by Chambers to the payment of the judgment. His findings fixed the amount of the proceeds applicable to that judgment, and determined the questions which could have been raised had there been a jury trial. The court erred in going beyond the jurisdiction of the auditor, and in setting aside the judgment at No. 54 March Term 1880, without disturbing his findings of fact.

*Mr. John P. Blair*, for the appellees.

The affidavit of defence had been made and filed more than

four months before the judgment was entered and the record exhibited the fact that it had been made and filed. Whether it was a good one or not was not to be decided then by the officer, in the absence and without the knowledge of the defendant. It could not be treated as a nullity. Huber v. Commonwealth, does not reach the difficulty. Campbell could not recover the balance without a tender of the proper deed. If an issue had gone to a jury, Campbell would have been in the position of a vendor seeking to recover the full amount of purchase-money, without having performed his own covenants: Deitrich's App., 107 Pa. 179; Mellon v. Guthrie, 51 Pa. 116; Duff v. Wynkoop, 74 Pa. 300; Kittanning Ins. Co.'s App., 13 W. N. 54.

OPINION, MR. JUSTICE PAXSON:

This was an appeal from the decree of the court below in the matter of the distribution of the money in the hands of the sheriff arising from the sale of the real estate of James W. Chambers. The appellant was the holder of a judgment against the said Chambers, which he claimed was a lien upon the real estate in controversy, and entitled to be paid out of the fund. The auditor allowed the claim, and decreed distribution accordingly. The learned court below reversed the auditor upon exceptions filed, and postponed appellant's judgment and awarded the fund to subsequent lien creditors.

It is admitted that if the appellant's judgment was a valid lien it is entitled to payment by reason of its priority. The contention of appellees is that it had lost its lien by reason of its not having been properly revived.

The facts briefly stated are as follows:

The original judgment, Robert Campbell v. James W. Chambers, No. 442 Dec. Term 1874, for $2,900, was entered March 4, 1875. On January 12, 1880, a scire facias, No. 54 March Term, 1880, was issued to revive the above judgment, which was duly served. An affidavit of defence was filed by Chambers Feb. 16, 1880. On June 22, 1880, on application of plaintiff's attorney, a judgment was taken for want of an affidavit of defence for the sum of $1,313.32. The record fails to show how this judgment was taken, whether in open court upon motion, or upon a præcipe for judgment in the usual manner in the prothonotary's office.

This judgment was irregular, and, had an application been made in proper time, the court below would doubtless have stricken it off. At the same time the plaintiff would have been entitled to a judgment for want of a sufficent affidavit of defence.

The defendant made no motion to strike off or open the judgment. Another scire facias to revive was issued December 8, 1884, to No. 13 March Term 1885, which was duly served, and judgment entered thereon February 21, 1885, for want of an affidavit of defence for the sum of $1,688.98. On March 7, 1885, a rule was granted to show cause why the judgment No. 54 March Term 1880, and No. 13 March Term 1885, should not be opened, and the defendant let into a defence, which, as to one of the judgments, was subsequently changed to a rule to strike off the same.

Upon this state of facts it hardly needs an argument to show that the learned judge below fell into error when he set aside the judgment of appellant in the distribution. The last revival was regular upon its face, and a judgment was entered thereon. The prior revival was irregular, from the single fact that a judgment had been taken for want of an affidavit of defence when in point of fact an affidavit of defence had been filed.

This, however, is the merest technicality. The plaintiff was entitled to a judgment at the time, as the affidavit was insufficient: Huber v. Commonwealth, 11 W. N. 496. And if he were not, such technicality cannot be taken advantage of after judgment on the second scire facias. That writ warned the defendant to come in and show cause, if any he had, why the judgment should not be again revived. He is precluded now from taking any defence which he might have taken then. In the recent case of Michaelis v. Brawley, 109 Pa. 7, it is held that "while it is true that the mortgage of a married woman is invalid unless separately acknowledged by her, and the absence of such acknowledgment may be set up as a defence to a recovery upon the mortgage, yet if judgment be recovered on a scire facias issued on such mortgage the judgment is conclusive that the mortgage was properly executed; and the validity thereof cannot be questioned in a collateral action of eject- ment." The only defence to a scire facias to revive a judg-

ment is a denial of its existence or proof of a subsequent satisfaction or discharge: Dowling v. McGregor, 91 Pa. 410. And in such proceeding the merits of the original judgment cannot be inquired into: Ibid.; Cardesa v. Humes, 5 S. & R. 68; Lysle v. Williams, 15 Idem 135; Davidson v. Thornton, 7 Pa. 128; McVeagh v. Little, Idem 279; Stewart v. Colwell, 24 Idem 67. There was no ground laid for either opening or setting aside the judgment.

We are of opinion that the appellant's judgment was a valid lien upon the real estate of the appellee, yet under the peculiar circumstances of the case we do not think it would be right to award the money directly to him. The amount now due upon the judgment cannot be paid at present. It was given in payment of purchase-money of certain real estate sales by appellant, Campbell, to the appellee. Appellant's wife refused to join in the deed. One thousand dollars of this judgment was to remain and the principal not to be paid until appellant's wife should sign the deed, or the title be perfected. This has not been done. We therefore direct the fund to which appellant's judgment would be entitled, to be impounded and held until such time as the appellant shall make a good title to the premises referred to.

> The decree is reversed at the costs of the appellees; and it is ordered that distribution be made in accordance with this opinion.