William H. Trader, now for use of James M. Newcomer,
Samuel D. Newcomer, Nancy J. Trader, Basil S. New-
comer, and Basil S. Newcomer, Assignee and Alienee
of Elizabeth J. Carroll, *v.* Abigail Newcomer, now Ab-
igail Lawrence, with Messmore Lawrence, Appellants.

[Marked to be reported.]

*Judgment—Revival of judgment—Evidence—Duress.*

On a scire facias to revive a judgment which had been previously re-
vived by confession, evidence that the confession was procured by means
of duress and threats and that the debt had been paid prior to the previous
revival is inadmissible.

Argued May 11, 1897.   Appeal, No. 161, Jan. T., 1897, by
defendants, from judgment of C. P. Fayette Co., Dec. T., 1896,
No. 382, on verdict for plaintiffs.   Before GREEN, WILLIAMS,
MITCHELL, DEAN and FELL, JJ.   Affirmed.

Scire facias to revive a judgment which had been previously
revived by confession.   Before MESTREZAT, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in overruling defendants' offer to prove
that the previous revival by confession had been procured by
duress and threats and that the debt represented by the judg-
ment had been paid prior to the revival.

*Edward Campbell*, with him *T. B. Searight*, for appellants.—
That this appellant had a right to introduce evidence as a bar

to the revival of the judgment, at least so far as to protect his marital rights from injury thereby, has not been disputed in this state until now, for seventy-five years : Killinger v. Reidenhauer, 6 S. & R. 531; Monroe v. Monroe, 93 Pa. 520; Reichart v. Castator, 5 Binn. 109; Motz v. Mitchell, 91 Pa. 114.

A married woman may give a lien for the purchase money of land purchased by her, but the lien will reach no further than the land purchased: Real Estate Co. v. Roop, 132 Pa. 496; Chase v. Hubbard, 99 Pa. 220; Sawtelle's App., 84 Pa. 306; Wolbach v. Building Association, 84 Pa. 211; Snyder v. Noble, 94 Pa. 286; Prinkey v. Murray, 15 W. N. C. 391; Peters v. Shanner, 1 Del. 252; Gougler's Est., 18 W. N. C. 116; Quinn's App., 86 Pa. 447; Unangst v. Fitler, 84 Pa. 135; Paris v. Stoeckel, 42 Leg. Int. 476; Christner v. Hochstetler, 109 Pa. 27; Baker v. Mfg. Co., 122 Pa. 363; Vandyke v. Wells, 103 Pa. 49; McMullen's App., 107 Pa. 90; Dorris v. Erwin, 101 Pa. 243.

*A. D. Boyd,* with him *E. H. Reppert* and *G. D. Howell,* for appellees.—The position of the court was that only payment or satisfaction in some other way, subsequent to the date of the last revival of judgment in December, 1891, could be proved in this case: Lewis v. Smith, 2 S. & R. 142; Cardesa v. Humes, 5 S. & R. 65; Stewart v. Stocker, 13 S. & R. 198; Hall v. Benner, 1 P. & W. 402; Campbell v. Kent, 3 P. & W. 72; Tarbox v. Hays, 6 Watts, 398; Hauer's Appeal, 5 W & S. 473; Lysle v. Williams, 15 S. & R. 135; Davidson v. Thornton, 7 Pa. 128; Gray's Heirs v. Coulter, 4 Pa. 188; Stewart v. Colwell, 24 Pa. 67; Pitts., Cin. & St. L. Railway Co. v. Marshall, 85 Pa. 190; Dowling, Administratrix, v. McGregor, 91 Pa. 410; Campbell's Appeal, 118 Pa. 128, 138.

PER CURIAM, July 15, 1897 :

The original judgment in this case was entered in 1882 against Abigail Newcomer, a widow, and her brother Thomas Sessler, who was surety. In 1883 the judgment was assigned to the present plaintiffs who are children of Mrs. Newcomer. In 1887, she, having before that married Messmore Lawrence, together with Sessler, confessed judgment of revival for $1,068. In December, 1891 Mrs. Lawrence and her husband confessed a judgment of revival of the last judgment, and in December,

1896 the present writ of scire facias was issued to revive the last judgment entered in 1892. To this writ of sci. fa. Mrs. Lawrence makes no defense, but expressly disclaims all defense by writing filed, and agrees that judgment may be entered against her for $1,804.92. Her husband, however, interposes a defense to the effect that the confession of judgment in 1891 was procured by means of duress and threats, and alleges that the debt was paid by the application of the proceeds of sale of certain coal underlying the land of Mrs. Lawrence, which sale was made in November, 1890. As the facts which constitute the alleged payment in this mode transpired before the last revival of the judgment, the learned court below refused to admit the testimony offered to establish the payment, on the ground that only payment after the last revival could be admitted under the uniform decisions of this court. Of these one of the most recent is Campbell's Appeal, 118 Pa. 128, where we said, " The only defense to a scire facias to revive a judgment is a denial of its existence or proof of a subsequent satisfaction or discharge: Dowling v. McGregor, 91 Pa. 410. And in such proceeding the merits of the original judgment cannot be inquired into," citing a number of cases. The case of Monroe v. Monroe, 93 Pa. 520, cited for appellant was not a sci. fa. to revive but was a feigned issue upon the original judgment to try the question whether it had been obtained by fraud. It is therefore inapplicable to the present case. The case of Killinger v. Reidenhauer, 6 S. & R. 531 is not at all in point. It was a sci. fa. on the mortgage in which the defense was directly made that it was given to defraud the wife of her dower. We are clearly of opinion that the defense submitted in this case and in this proceeding cannot be sustained.

It seems that there was at one time an application to open the original revived judgment of 1892, but it was refused by the court, and no appeal was taken from the action of the court below to this court, and nothing further seems to have been done in the court below. We are unable to sustain the assignments of error and therefore the judgment is affirmed.