## Smith *v.* Coray.

*Affidavit of defense—Judgment—Payment.*

On a scire facias to revive a judgment which had been marked to the use of two use plaintiffs, an affidavit of defense is sufficient which avers that the defendant with his own money had settled with the original owners of the judgment, and in his own interest and for his own purposes had caused the judgment to be assigned to the use plaintiffs; that the use plaintiffs had furnished no means or property in making the settlement, that the judgment had been assigned to the use plaintiffs, one of whom was defendant's brother-in-law, and the other his confidential agent and trustee upon the distinct understanding that the judgment should be satisfied of record by them whenever the defendent desired it to be done, that one of the use plaintiffs had executed a paper (set forth in the affidavit), acknowledging full satisfaction of his interest in the judgment and authorizing the prothonotary to enter satisfaction therefor, and that after the execution of this paper the other use plaintiff had procured from the first use plaintiff's widow an assignment of the deceased's interest in the judgment without the payment of a single dollar of consideration.

Argued April 9, 1900. Appeal, No. 245, Jan. T. 1899, by defendant, from order of C. P. Luzerne Co., May T., 1897, No. 969, entering judgment against him for want of a sufficient affidavit of defense in case of William A. Smith, Charles E. Canyle and Robert R. Smith, trading as William Alexander Smith & Co., assigned to David Perkins and John S. Jenkins, now assigned to John S. Jenkins *v.* Elisha A. Coray. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias to revive judgment.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows :

E. A. Coray, defendant above named, being duly sworn says : I have a just and full defense to the above stated action, the nature and character of which is, that the writ of scire facias issued has been fully paid.   I hold the receipt of David Perkins acknowledging full satisfaction as far as his interest was concerned, given to me during his lifetime.   He has been dead for some time, about three years now past.   Since his death, to wit: in June, 1896, John S. Jenkins obtained from his widow and executrix an assignment of the interest of said David Perkins, without recourse, without paying any consideration for the same.   Further, the said John S. Jenkins never at any time paid any consideration out of his own property for the said judgment.   I arranged the settlement with Wm. Alexander Smith & Company, and caused the assignment to be made to said Perkins and Jenkins in my own interest, and for my own purposes, the said John S. Jenkins being at the time my confidential friend and trustee.   Moreover, the said Jenkins has in his hands other matters which he holds as my trustee, and as to which I am now seeking a settlement, and as I verily believe upon a full settlement he will be found largely in my debt, instead of my being indebted to him.

The supplemental affidavit of defense was as follows :

E. A. Coray, defendant above named, being duly sworn says : In addition to the matters stated in my former affidavit of defense, I further state that before the judgment above mentioned in favor of Wm. Alexander Smith & Company, had been assigned to David Perkins and John S. Jenkins, I had made settlement of the said judgment with said Wm. Alexander Smith & Company. I had previously given to said David Perkins and John S. Jenkins a judgment to cover all indebtedness to them or either of them then existing or that might afterward arise in our transactions, the said Perkins being my brother-in-law and the said Jenkins acting as before stated as my confidential agent and conducting my business for me.   Neither of them furnished either funds or property of theirs in the settlement with said Smith and Company, but what was paid was paid wholly out of my own property.   Inasmuch as this Smith and Company judgment was a prior lien to theirs, I deemed it desirable to have this judgment assigned to them, instead of having it satisfied, when I had made

the settlement with Smith and Company. And it was accordingly so done upon the distinct understanding that whenever I desired the said judgment should be satisfied by them of record. In pursuance of this understanding, the said David Perkins gave me a receipt and acknowledgment of satisfaction, so that I could have the same placed on record whenever I pleased. The said Jenkins, being my confidential agent, and ready to enter satisfaction whenever I wished, as I understood, I did not deem it necessary to have a corresponding receipt and acknowledgment of satisfaction from him.

Among the securities and property which, as I stated in my former affidavit, had been placed in his hands as trustee, I now specify the stock of the Spring Brook Railway Company of which I was the owner, and placed in his hands as trustee for me ; and which, in violation of the trust he accepted, he converted to his own use, thus taking from me property which I deemed worth $100,000.

I also placed in his hands the stock of the Rush Brook Coal Company which represented a coal property which I purchased from John Jermyn for $75,000. A portion of this stock he delivered to me, but he has in his possession, or has converted to his own use, another portion thereof, to the value of $27,000, which he refuses to deliver up to me. The property of the said railway company and the said coal company is situate in the county of Lackawanna, and upon the discovery of his breach of trust and endeavor to defraud me, I filed in said county a bill in equity for account and settlement, which is now pending. I therefore repeat, that instead of my being indebted to him in any amount, he is largely indebted to me, as I expect to be able to show upon a proper legal investigation.

The copy of the receipt and acknowledgment of satisfaction of David Perkins is as follows:

" WILLIAM ALEXANDER SMITH & Co., assigned to DAVID PERKINS and JOHN S. JENKINS, vs. E. A. CORAY.  }  In the Court of Common Pleas of Luzerne County. No. 14, June Term, 1887.

" Now, May 4, 1892, by payments heretofore and now made, I hereby acknowledge that I have received from E. A. Coray

full satisfaction of my interest in the above stated judgment, debt, interest and costs, the same being the equal undivided one half thereof. And I further hereby authorize the prothonotary of Luzerne county to enter upon the record full satisfaction of my entire interest in the above stated judgment. Witness my hand and seal this 4th day of May, A. D. 1892.

"DAVID PERKINS.        [SEAL.]

"In presence of witness, H. A. LAYCOCK."

I therefore submit that, first, the plaintiff never had a legitimate right to claim a single dollar from me on account of this judgment; and second, that if he had had at any time, a right to claim the amount of the judgment against me, such claim is overbalanced by my legitimate claims aforesaid against him.

*Error assigned* was in making absolute a rule for judgment.

*A. Ricketts,* for appellant.

*John S. Harding* and *George S. Ferris,* for appellee.

OPINION BY MR. CHIEF JUSTICE GREEN, July 11, 1900 :

While it is true that the present proceeding is a writ of scire facias to revive a judgment, it is also true that the facts set out in the affidavits of defense are of such a character as to impugn in a most serious manner not only the present integrity of the original judgment, but also the right of either the legal plaintiffs or their assigns, to recover any sum whatever from the defendant. The judgment was confessed for a very large amount in favor of a firm composed of three persons and named, William Alexander Smith &. Company, and it was assigned to David Perkins and John S. Jenkins at some time not specifically stated, but which apparently was prior to May 4, 1892. It is asserted in the appellant's argument that the original judgment was entered to September term, 1877, and was kept alive by successive revivals every five years until in 1892, it was revived again, but as these facts do not appear in the affidavits of defense where they ought to be stated, we can take no notice of them. But the supplemental affidavit of defense does set forth a written acknowledgment under seal, executed by David Perkins, that he had received from the defendant full satisfac-

tion of his interest in the judgment which was one half of the whole. And he further authorizes the prothonotary of Luzerne county to enter upon the record full satisfaction of his entire interest in the judgment. This paper is dated May 4, 1892, and the affidavit of defense does distinctly allege that the assignment of the interest of Perkins in the judgment to Jenkins was not made until in June, 1896, about three years after the death of Perkins, and was obtained in some way not explained, by Jenkins from the widow of Perkins, without the payment of a single dollar of consideration. It is very certain that if these facts are true and unexplained on the trial, they would constitute a complete defense to any recovery by Jenkins for one half of the whole amount of the judgment.

Both the affidavit, and the supplemental affidavit of defense positively assert that the defendant made a settlement of the whole amount of the judgment with William Alexander Smith & Company prior to any assignment of that firm to Perkins & Jenkins, but as this averment is not made with any details of the character of the settlement showing what it was, or how, or when, it was made, it would be entitled to very little consideration if it were not for the further fact that, in other parts of both affidavits, it was specifically alleged that the defendant himself caused the assignment from Smith & Company to be made to Perkins & Jenkins, in his own interest, and for his own purposes, and that Jenkins was, and for many years had been, his, Coray's confidential friend and trustee, and acting as his agent and in his employment in the conduct of his Coray's, private business. And the supplemental affidavit further avers that he, Coray, made the settlemental with Smith & Company for their judgment with his own property exclusively, and that neither Perkins nor Jenkins furnished any means or property of theirs in making said settlement, and further that the said judgment was assigned to Perkins who was Coray's brother-in-law, and Jenkins who was his confidential agent and trustee, simply because it was a prior lien to another judgment which they held against him, and because he, Coray, deemed it desirable in his own interest, that the Smith judgment should be so held instead of being satisfied of record. The supplemental affidavit further avers that the assignment was made to Perkins and Jenkins upon the distinct understanding that the judgment

should be satisfied of record by them whenever he, Coray desired it to be done. Of course if these facts are true and unexplained, there could be no recovery on this judgment in favor of either Perkins or Jenkins. In addition to the foregoing the supplemental affidavit avers positively that the defendant had placed in the hands of Jenkins and his agent and trustee, large amounts of stock in two companies which he names, with the amounts of each, which Jenkins was to hold for him, but that he, Jenkins, in violation of his trust converted to his own use and refused to deliver to the defendant upon his demand for the same, and that the value of the stocks and property thus converted was $100,000 in one instance, naming it, and $27,000 in the other. The affidavit futher avers that the properties of those two companies are situated in Lackawanna county and that he, the defendant had, previously to the issue of this scire facias, filed in that county a bill in equity against Jenkins charging him with violation of his said trust, and demanding an accounting as trustee, and the restoration of his securities, and that that bill is now pending in that county, and that upon an adjustment of the accounts between them the said Jenkins was largely indebted to him. As an absolute judgment against the defendant in this case, and in a similar proceeding by Jenkins on another judgment against Coray now pending in this county, No. 244, January term, 1899, would practically exclude the defendant from the benefit of that litigation, and might disable him from proceeding with it altogether, an additional reason is afforded for allowing a full hearing on the merits in the cases now before us. We are clearly of opinion that the affidavits of defense are sufficient to carry the case to a jury and we therefore sustain the assignments of error.

Judgment reversed and procedendo awarded.