## Curry v. Morrison, Appellant.

*Contract—Illegal contract—Promissory note—Consideration—Surety—Judgment note.*

1. Where one of two partners in the business of conducting a licensed hotel, sells his interest to his copartner in whose name the license had been taken out, and takes a judgment note of his copartner with a surety in payment therefor, the surety cannot claim exemption of liability on the note because of an illegal combination between the partners in obtaining a license.

*Judgment—Revival—Scire facias to revive—Defense—Partners.*

2. On a scire facias to revive a judgment entered on a judgment note, a set-off cannot be set up which involves an inquiry into an alleged partnership between the parties to the note upon which the judgment was entered.

3. The only defense in the trial of a scire facias on a judgment is a denial of the existence of the judgment, or proof of the subsequent satisfaction for the discharge thereof. Under no circumstances can the merits of the original judgment be inquired into.

Argued May 3, 1909.  Appeal, No. 30, April T., 1909, by defendant, from order of C. P. Jefferson Co., Aug. T., 1906, No. 775, discharging rule to open judgment in case of Gurnie Curry for use of C. A. Curry, Executor of Gurnie Curry, deceased, v. Blair Curry and G. A. Morrison, Executor of James McGee, deceased.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Rule to open judgment.  Before REED, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*A. J. Truitt,* for appellant.—The judgment having been entered on an illegal note, the consideration for which is in violation of our statutes and criminally inconsistent with public policy and sound morality and the integrity of our civil institutions, the judgment should be opened: Com. v. Curren, 3 Pitts. 143; Wilson v. Com., 96 Pa. 56; Ham v. Smith, 87 Pa. 63; Bredin's App., 92 Pa. 241; Given's App., 121 Pa. 260; Wilson v. Buchanan, 170 Pa. 14; Nester v. Brewing Co., 161 Pa. 473; Whitmire v. Montgomery, 165 Pa. 253; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173.

Blair and Gurnie Curry conducted their partnership in the hotel business in the name of Blair Curry—Gurnie being a dormant partner therein.  The $3,500 note on which judgment was entered was given in this business and was a partnership judgment.  The court erred in refusing defendant's offer to show payment by a set-off of that portion of this judgment assigned to him: Martin & Co. v. East End Oil Co., 10 Pa. Superior Ct. 582; Seitz & Co. v. Buffum & Co., 14 Pa. 69; Carey v. Bright, 58 Pa. 70; McDonald v. Simcox, 98 Pa. 619; Paxson v. Beans, 3 Phila. 433; Hocking v. Hamilton, 158 Pa. 107; Kenney v. Altvater, 77 Pa. 34; Blair v. Wood, 108 Pa. 278.

*W. W. Winslow,* with him *J. E. Calderwood,* for appellee.—If an act in violation of either statute or common law be already committed and a subsequent agreement entered into

which, though founded thereupon, constituted no part of the original inducement or consideration, such an agreement is valid: Lestapies v. Ingraham, 5 Pa. 71; Allen v. Line, 11 Pa. Superior Ct. 517; Hipple v. Rice, 28 Pa. 406; Wright v. Pipe Line Co., 101 Pa. 204; Armstrong v. Toler, 24 U. S. 258.

A set-off is inadmissible, unless followed by evidence that the plaintiff accepted and acknowledged it as a credit upon the judgment: Bishop v. Goodheart, 135 Pa. 374.

Unsettled partnership accounts against the plaintiff are not admissible as a set-off: Jenkins v. Anderson, 11 Atl. Repr. 558.

OPINION BY MORRISON, J., July 14, 1909:

In this record we find nineteen assignments of error and elaborate printed arguments for the respective parties. But a careful examination of the whole record only discloses to us two important questions. (a) Did the learned court below err in refusing to open the original judgment in favor of Gurnie Curry and against Blair Curry and James McGee? (b) Did the court err in refusing to permit the executor of James McGee, deceased, to set off one-fourth of another judgment against Blair Curry, James McGee, D. W. Michael, Max Klein and the Punxsutawney Brewing Company against the plaintiff's scire facias to revive his judgment? The latter judgment being entered on a note which was not executed and delivered for about one year after Gurnie Curry obtained his note above mentioned. It appears that James McGee was the surety on a note of Wm. A. McGee for $2,500, held by the Punxsutawney National Bank, at the time of the sale of an hotel property at Anita, Penna., to Blair Curry. In the purchase of the hotel a note of $3,500, dated April 1, 1904, was given to the same bank, signed by Blair Curry and indorsed by James McGee, D. W. Michael, Max Klein and the Punxsutawney Brewing Company, and the $2,500 note was taken up. The note of April 1, 1904, was renewed on August 1, 1904, signed by the same persons. Gurnie Curry did not sign either of these notes, and on August 20, 1904, he sold his interest in the hotel property to his brother Blair and left the business for the reason that the Currys had been informed by counsel that it would make trouble if

the court found out that Gurnie was interested in a license granted in the name of Blair alone.

On December 12, 1904, judgment was entered on the $3,500 note and on March 27, 1905, that judgment, interest and costs, was satisfied of record. On April 1, 1905, a note signed by Blair Curry and the same four sureties for $3,200 was given to the Punxsutawney National Bank. On August 4, 1905, judgment was entered on this note and a fi. fa. issued, and Blair Curry became a bankrupt and the four sureties had to pay said judgment, although the one-fourth for which James McGee's estate was liable, he having died in May, 1905, was paid by his executor, he taking an assignment of the portion of the judgment he so paid. At the trial of the scire facias to revive the judgment of Gurnie Curry against James McGee, the executor undertook to set off against the scire facias the portion of the $3,200 judgment which he had paid as above stated. This, we think, sufficiently states the history of the case.

The learned court below, on the rule to open the Gurnie Curry judgment, found as a fact that the money which Gurnie had invested in the hotel purchase with his brother, with interest thereon, about equaled the amount of the $800 note upon which the Gurnie Curry judgment was entered. The court found from the facts, as a legal conclusion, that the consideration for said note was valid and legal and that no sufficient ground was shown for opening said judgment as against James McGee, the surety. Upon a careful consideration of the whole case, we all concur in this conclusion.

The note was voluntarily executed and delivered by Blair Curry and James McGee for a good and valid consideration, and if Gurnie and Blair Curry were engaged in an illegal transaction in regard to the ownership of the hotel and obtaining the license therefor in Blair's name, this did not forfeit Gurnie's money which he had invested in the hotel purchase. In entering judgment on his note and collecting the same, Gurnie Curry was not compelled to travel through, expose or rely on the illegal combination between himself and Blair in obtaining the license: Johnson v. Hulings, 103 Pa. 498.

The remaining question is, was there error in not permitting

the executor of James McGee, deceased, to set off the share of the judgment against Blair Curry and his four sureties which said executor paid as above stated? We are not convinced of any error in this respect. That one judgment may be set off against another through the equitable powers of the court is not doubted: Thorp v. Wegefarth, 56 Pa. 82. But the present case was a scire facias to revive a personal judgment of Gurnie Curry against Blair Curry and James McGee, and the attempt was made to set off one-fourth of another judgment against Blair Curry and his four sureties which was not in existence till a year after the Gurnie Curry judgment was obtained. To allow the set-off involved an inquiry into the alleged partnership between Blair and Gurnie Curry. It would be a novel thing to try such a question on a scire facias to revive a judgment. In our opinion, the learned court did right in excluding the evidence offered for the purpose of laying ground for such set-off. Unless the defendant showed that no such judgment existed as the one sought to be revived or that it had been satisfied or discharged, the plaintiff was entitled to verdict and judgment.

"The only defense in the trial of a scire facias on a judgment is a denial of the existence of the judgment or proof of a subsequent satisfaction or discharge thereof:" Dowling v. McGregor, 91 Pa. 410; Campbell's App., 118 Pa. 128. Under no circumstances can the merits of the original judgment be inquired into: Cardesa v. Humes et al., 5 S. & R. 65; Trader v. Lawrence, 182 Pa. 233.

"In a scire facias to revive a judgment, an offer to prove as a set-off an item of indebtedness of the plaintiff to the defendant, is inadmissible, unless followed by evidence that the plaintiff accepted and acknowledged the item as a credit upon the judgment in suit:" Syllabus of Bishop v. Goodhart, 135 Pa. 374.

We have already seen that the plaintiff in the judgment being revived had no connection whatever with the judgment, a portion of which was sought to be used as a set-off, unless such connection could be found in the alleged partnership between Blair and Gurnie Curry. We do not think this question could be properly tried and determined on a scire facias

to revive a judgment. If the defendant's judgment had been against Gurnie Curry, he would not have lost his equitable right to have it set off against the Gurnie Curry judgment after it was fully revived. It seems to us that the defendant's difficulty was that he had no judgment against Gurnie Curry and he did not deny the existence of his judgment nor did he offer to prove that it was satisfied, reversed or discharged. We all think the case was correctly tried.

The assignments of error are all overruled and the order refusing to open the original judgment is affirmed, and the judgment on the scire facias is also affirmed, and the appeal is dismissed at the costs of the appellant.