# Taylor *v*. Tudor et al., Appellant.

*Judgment—Sci. fa. to revive—Evidence.*

The validity of a judgment obtained before an alderman cannot be attacked in the court of common pleas, either on motion to strike off or by way of defense to a scire facias. On a scire facias to revive a judgment, no defense can be made except a denial of the judgment or proof of a subsequent satisfaction or discharge thereof.

On a scire facias to revive a judgment, a defense that the constable had not served the original writ upon the defendant, in contradiction of the constable's return, is not admissible.

Diamond v. Tobias, 12 Pa. 312, distinguished.

Argued April 30, 1924. Appeal, No. 119, April T., 1924, by Samuel Y. Free, from judgment of C. P. Allegheny Co., Oct. T., 1922, No. 2295, making absolute rule for judgment for want of an affidavit of defense in the case of F. M. Taylor v. Frank H. Tudor et al. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before ROWAND, J.

The facts are stated in the opinion of the Superior Court and in the report of a former appeal at 81 Pa. Superior Ct. 306.

The court made absolute the rule. Samuel Y. Free appealed.

*Error assigned* was, among others, the decree of the court.

*Harvey A. Miller,* of *Miller & Nesbit,* for appellant.

*Ralph L. Smith,* for appellee.

OPINION BY KELLER, J., July 2, 1924:

When this case was here before (81 Pa. Superior Ct. 306) we pointed out that a judgment entered in the

court of common pleas upon a transcript from an alder-
man or justice of the peace, regular upon its face, cannot
be set aside or its validity questioned in the court of com-
mon pleas; that any attack upon its validity must be
made in the court where it was originally obtained; if
set aside there, the judgment in the court of common
pleas falls with it.   That was an appeal from an order of
the court of common pleas discharging a rule to strike
off the transcript of a judgment obtained before an alder-
man.

The same appellant now appeals from a judgment for
want of a sufficient affidàvit of defense entered in the
scire facias issued in the court of common pleas on the
judgment entered upon such transcript.   The defenses
set up in the affidavit of defense were practically the
same as the grounds presented for striking off the tran-
script, and were ineffectual to prevent judgment.   The
validity of the judgment obtained before the alderman
cannot be attacked in the court of common pleas either
on motion to strike off or by way of defense to a scire·
facias.   On a scire facias to revive a judgment no defense
can be made except a denial of the judgment or proof of
a subsequent satisfaction or discharge thereof: Dowling,
Admx., v. McGregor, 91 Pa. 410; Lauer to use, etc., v.
Ketner, 162 Pa. 265; O'Connor to use etc. v. Flick, 274
Pa. 521.

The record assailed by the plea of nul tiel record was
not that of the alderman, but of the judgment in the
court of common pleas, to revive which the scire facias
was issued, and an inspection of that record and its
regularity by the court was sufficient to overrule such
plea: Barber v. Chandler, 17 Pa. 48, 50.

The averments in this affidavit of defense do not bring
the case within the ruling of the Supreme Court in Dia-
mond v. Tobias, 12 Pa. 312.   That case was tried before
a jury upon the plea of payment and the court left it to
the jury to determine whether there were sufficient cir-
cumstances adduced in evidence, in addition to a delay

of nineteen years and five months in entering the transcript, to support such plea. Here there was no allegation of payment; defendant's main defense rested upon a denial that the constable had served the original writ of summons upon him, in contradiction of the constable's return. This defense was not open to the defendant in this proceeding: Clark v. McComman, 7 W. & S. 469; Holly v. Travis, 267 Pa. 136.

The assignment of error is overruled and the judgment is affirmed.