## Wilcox v. DuBree et al.

*Judgment—Sci. fa. to revive—Defences—Laches.*

1. On a *scire facias* to revive a judgment, the merits of the original judgment cannot be inquired into. All that can be shown is that no such judgment existed or that it has been satisfied in whole or in part.

2. In such a proceeding, an item of set-off is inadmissible, unless followed by evidence that plaintiff accepted and acknowledged the item as a credit upon the judgment in suit.

3. Where an affidavit of defence has been filed to a *scire facias* to revive, the plaintiff cannot be charged with undue laches because he did not enter a rule for want of a sufficient affidavit of defence until three months thereafter, if the delay did defendant no harm.

4. The fact that the rule was directed to the prothonotary and not to the court is immaterial where no harm was done to defendant and he has argued the rule before the court in all its phases.

Rule for judgment for want of sufficient affidavit of defence. C. P. Centre Co., Dec. T., 1925, No. 131.

*M. Ward Fleming*, for plaintiff.

*E. J. Thompson* and *George W. Zeigler*, for defendants.

KELLER, P. J., Aug. 30, 1926.—On Dec. 1, 1920, Harry A. DuBree and Mrs. Eliza DuBree, the above-named defendants, executed and delivered to Charles Wilcox, the above-named plaintiff, their judgment exemption note, under seal, for $3465, payable one day after date, upon which note judgment was entered in the Prothonotary's office of Centre County, Pennsylvania, Dec. 6, 1920, to No. 80, December Term, 1920, for the above amount, with interest from Dec. 2, 1920, together with 5 per cent. attorney's commission, costs and waivers of inquisition, exemption and stay of execution.

On Nov. 28, 1925, the plaintiff, by his attorney, filed a præcipe for a writ of *scire facias* to revive and continue the lien of the above stated judgment, *et quare executionem non*, returnable to the second Monday of December, 1925 (Dec. 14, 1925), upon which a *scire facias* was issued and duly served on the defendants Dec. 2, 1925. On Dec. 26, 1925, an affidavit of defence was filed by the defendants to said *scire facias*, in which the consideration and merits of the original judgment were questioned and any further liability thereunder denied. On April 3, 1926, the plaintiff entered a rule in the prothonotary's office for judgment against the said defendants for want of a sufficient affidavit of defence, service of which was accepted by counsel for the defendants, and on May 4, 1926, an answer thereto filed, alleging, first, that said affidavit of defence was true and valid in law; second, that the plaintiff had precluded himself from attacking it by his laches; and, third, that said rule or motion for judgment, having been directed to the prothonotary and not to the court itself, was improper and of no legal significance.

It is admitted by the pleadings that the defendants are entitled to a credit for a payment of $3000, made Jan. 26, 1921, upon said original judgment No. 80, December Term, 1920.

The questions here involved are, first, what defences can be interposed or made to a *scire facias* to revive and continue the lien of a judgment; second, can alleged damages arising from alleged negligence of the plaintiff or partial failure of consideration in connection with his construction of a house for the defendants, which constituted the consideration for the original judgment against them, be admitted as a set-off in an action of *scire facias* to revive and continue the lien of said original judgment?

Wilcox v. DuBree et al.

Following the English decisions, our appellate courts for the past hundred years and upwards have held that the only defences to a *scire facias* to revive and continue the lien of a judgment are (1) a denial of the original judgment; (2) proof of the subsequent satisfaction or discharge of the judgment: Dowling v. McGregor, 91 Pa. 410; Curry v. Morrison, 40 Pa. Superior Ct. 301; Lauer v. Ketner, 162 Pa. 265; Taylor v. Tudor, 83 Pa. Superior Ct. 459.

Under no circumstances can the merits of the original judgment be inquired into for the purpose of furnishing a defence to a *scire facias:* Cardesa v. Humes et al., 5 S. & R. 65 (1819); Campbell's Appeal, 118 Pa. 128; Trader v. Lawrence, 182 Pa. 233; Curry v. Morrison, 40 Pa. Superior Ct. 301.

In a proceedings to revive a judgment by *scire facias*, the merits of the original judgment cannot be inquired into, and no matter can be pleaded in defence to the *scire facias* which was or might have been set up in defence to the original action: Carr v. Townsend, 63 Pa. 202; Schmidt v. Zeigler, 30 Pa. Superior Ct. 104; O'Connor, to use, etc., v. Flick, 274 Pa. 521; Taylor v. Tudor, 83 Pa. Superior Ct. 459.

The case of Smith v. Coray, 196 Pa. 602, cited by the defendant, was decided upon its peculiar circumstances, which impugned the *integrity* of the original judgment and involved the question of fraud and a resulting trust, and is not authority for a departure from the general rule laid down by our appellate courts relative to defences to a *scire facias* to revive a judgment.

As to the alleged set-off, it has been held by our appellate courts that in a *scire facias* to revive a judgment, an offer to prove as a set-off an item of indebtedness of the plaintiff to the defendant is inadmissible, unless followed by evidence that the plaintiff accepted and acknowledged the item as a credit upon the judgment in suit: Bishop v. Goodhart, 135 Pa. 374; Curry v. Morrison, 40 Pa. Superior Ct. 301.

As to the alleged laches on the part of the plaintiff, an examination of the record and the pleadings in the cause fails to disclose any such laches, in the opinion of the court; the motion for judgment for want of a sufficient affidavit of defence was made in good time, and the rights of the defendants have been in no wise jeopardized, nor has there been any undue delay in the matter, in our judgment.

As to the motion for judgment, etc., Rule 93 of our Rules of Court provides, *inter alia*, as follows: "If, in the opinion of the plaintiff's attorney, the affidavit made by the defendant is insufficient, he may move the court for judgment for want of a sufficient affidavit of defence." In the case at bar, the plaintiff's attorney filed with the prothonotary a motion for a *rule* for judgment, etc.; service of this rule (before issuance) was accepted by counsel for the defendants, who also acknowledged receipt of a copy thereof, in consequence of which the prothonotary had no duty to perform in the premises. The entire matter is now before the court for determination, and while possibly the better practice would have been to present the motion for judgment to the court, who would thereupon have granted the rule, we do not see that the defendants have suffered in any way by what was done, and, in our opinion, their counsel's contention in this respect is without merit, and, in any event, was waived by their subsequent argument of said rule in all its phases.

And now, Aug. 30, 1926, rule for judgment for want of a sufficient affidavit of defence made absolute; judgment to be entered in favor of the plaintiff and against the defendants for the sum of $662.75 (being the amount of the principal sum of the original judgment, $3465, with interest thereon from Dec. 2, 1920, less a credit of $3000, admitted to have been paid Jan. 26, 1921), together with an attorney's commission of $24.80 and costs, and with all

waivers contained in the original judgment; to which ruling and decree an exception is noted for the defendants and a bill sealed.

From S. D. Gettig, Bellefonte, Pa.