## Macaluso v. Moore

*Hermann L. Grote* and *Frederick C. Grote*, for plaintiff.
*Frank S. Delp*, for defendant.

MOORE, J., July 21, 1935.—This action is before the court upon a rule granted upon plaintiff to show cause why the writ of sci. fa. at no. 719, April term, 1934, should not be set aside and quashed as to Charles Delp and John Williams, owners or reputed owners, and terre-tenants.

The petition recites, and the record supports said recital, that on February 28, 1924, plaintiff at no. 719, April term, 1934, took judgment against defendant Jesse Moore at no. 1609, April term, 1924, in this court.

The petition and record indicate that on January 22, 1929, said plaintiff issued a writ of sci. fa. to revive and continue the lien of the judgment entered at said no. 1609, April term, 1924, in which sci. fa. proceeding he revived judgment against defendant Jesse Moore with notice to Charles Delp and John Williams, owners or reputed owners and terre-tenants.

The petition and record further disclose that on March 6, 1929, Delp and Williams filed an affidavit of

defense, and the suit came on for trial before a jury on January 9, 1934. Thereupon a verdict was returned in favor of the plaintiff and against the defendant Jesse Moore and for the defendants Charles Delp and John Williams. The third paragraph of the petition recites that this verdict was by direction of the court, although the record has not been transcribed and we have only the verdict appearing of record.

The petition and record further indicate that on January 19, 1934, plaintiff issued a second writ of sci. fa. at no. 719, April term, 1934, to revive the aforesaid original judgment, and said sci. fa. is directed against defendant Jesse Moore, with notice to Delp and Williams, as aforesaid.

Petitioners contend that inasmuch as judgment has been entered in their favor pursuant to the aforesaid trial, the writ of sci. fa., as to them, should be quashed.

To the petition, plaintiff has filed an answer averring that the judgment is due and unpaid, that the alleged adjudication evidenced by the verdict was an adjudication in favor of the plaintiff, and was not an adjudication in favor of the defendants or any of them, inasmuch as the plaintiff at no time sought to obtain a personal judgment against any of the defendants other than Jesse Moore, who had originally filed an affidavit of defense on the merits of the case.

Plaintiff further answers that as a matter of law he is entitled to give notice of the intended revival of the judgment to whomsoever he desires, so long as plaintiff does not seek personal judgment against the person so notified. Wherefore, plaintiff asks that the rule be discharged.

We cannot accept the contention of plaintiff's counsel to the effect that the jury's adjudication on January 9, 1934, was an adjudication in favor of the plaintiff and not an adjudication in favor of the defendants or any of them.

We must accept the verdict for its apparent worth, and while it is an adjudication in favor of the plaintiff against Jesse Moore, it is clearly an adjudication in favor of Delp

and Williams, as to plaintiff's claim against them as terre-tenants.

In an able brief, counsel for plaintiff contends plaintiff properly has both a legal and equitable claim upon the real estate in question through judgment against Jesse Moore with notice to Delp and Williams as terre-tenants. Counsel contends that said terre-tenants have had the full benefit of plaintiff's materials and labor, and have not paid for it nor shown any reason why they should not pay for the same. He contends they took the property with notice, obtaining a reduction in purchase price by reason of the existence of the judgment, and that they should now pay the same or allow the plaintiff to hold this judgment against this property until they are able to discharge it. Upon the aforesaid premise, laid by plaintiff's counsel, we agree that justice between the parties would be worked by the terre-tenants paying the judgment.

But this matter has been adjudicated by trial, and a verdict has been found for the plaintiff against Jesse Moore but for the terre-tenants with regard to plaintiff's claim.

Again we must state that counsel elected to have this matter considered without having the record of the trial transcribed, and we can but assume that the matter of the merit of plaintiff's claim against Delp and Williams was presented during the trial, and upon that very issue a finding has been made in favor of Delp and Williams and against plaintiff.

To enable plaintiff to revive his judgment with notice to Delp and Williams, when an adjudication has been made that they are not answerable for plaintiff's claim, would be to render said trial and adjudication a nullity, and such is not our right.

True, the only defenses in the trial of a sci. fa. to revive a judgment are a denial of its existence or proof of the subsequent satisfaction or discharge of it, and under no circumstances can the merits of the original judgment be inquired into: Curry v. Morrison, 40 Pa. Superior Ct.

301; Trader et al. v. Lawrence et al., 182 Pa. 233; but these defenses can be raised by the original judgment debtor or the terre-tenants, whose deeds for the land bound by the judgment have been recorded. With a silent record, and both counsel agreeing that the verdict rendered in the case was in effect a verdict directed by the trial court, we cannot do other than assume that the legally allowed defenses to the sci. fa. to revive were presented by the terre-tenants, in whose favor a verdict was returned. And in this connection we note that a set-off as to the terre-tenants could be established, if the same was supported by evidence that the plaintiff accepted and acknowledged such an item as a credit upon the judgment in the suit. See O'Connor, to use, v. Flick, 274 Pa. 521.

Plaintiff's counsel's contention that the law itself maintains and continues the lien of the judgment upon timely entry of the sci. fa. to revive the judgment is only partially correct. In the instant case the terre-tenants interposed a defense to the revival proceeding, and on the trial of the same prevailed.

Had the revival proceeding not been so defended, we would be in accord with plaintiff's counsel's contention to the effect that the sci. fa. to revive is only to revive the judgment against the original defendant, with the effect of merely informing the terre-tenants of said revival against the original defendant.

We realize that our decision is premised upon the presumption of the regularity of the trial upon the sci. fa. to revive, and the validity of the verdict therein returned (and again assert that without the record of trial before us, we cannot do otherwise than so assume such regularity), and there may be merit in plaintiff's counsel's contention that the legally allowed defenses to the revival proceeding were not interposed by the terre-tenants.

It would seem to us that in order to work substantial justice in the instant case it may be advisable for plaintiff's counsel to have the record of trial transcribed and

filed and made the basis of a possible application for reargument.

### Order

And now, July 21, 1935, the rule granted upon plaintiff to show cause why the writ of sci. fa. issued at no. 719, April term, 1934, should not be set aside and quashed as to Charles Delp and John Williams is hereby made absolute.