## Pittsburgh National Bank v. Kissel

*Scott H. Fergus*, for plaintiff.
*Paul A. Simmons,* for defendants.

GLADDEN, J., December 23, 1971.—On June 13, 1966, plaintiff entered judgment by confession against defendants. The judgment was entered at May term, 1966, no. 536, D.S.B. On June 11, 1971, a writ of revival was issued at May term, 1971, no. 351, A.D. Defendants filed an answer to the writ of revival in which they denied that any sum was due plaintiff and included new matter raising the defense of forgery. Plaintiff filed preliminary objections to the new matter in the nature of a demurrer, and the case was argued before the court en banc on these preliminary objections.

Plaintiff contends that the allegation of forgery cannot be raised in a revival proceeding. Plaintiff argues that the substitution of the writ of revival for the writ of scire facias did not change the substantive law, but was adopted as a method of simplifying the procedural law. To give support to its position, plaintiff cites the 1971 Supplement to Goodrich-Amram Standard Pennsylvania Practice, Binder 3 & 4, which states, at pages 362 and 363 that:

"The proceedings under these rules are designed only to simplify the procedure under the Judgment Lien Law. They substitute the 'writ of revival' for the ancient 'writ of scire facias' . . . and provide for the closest possible assimilation to the assumpsit practice in administering the law. They go no further. They have absolutely no effect on substantive right or on the ultimate legal effect of the revival proceeding. These matters are regulated by the substantive provisions of the Judgment Lien Law and these provisions

are unaffected by the rules. If the rules are kept meticulously within this narrow framework, there should be little litigation over the rules themselves."

And further, at page 361:

". . . the committee was careful not to suggest any change in the substantive law of liens. The new rules relate only to the procedural aspect of the Judgment Lien Law of 1947; *the substantive provisions of the law remain unchanged.*" (Italics supplied.)

Our attention has been called to the case law developed over the old writ of scire facias which established and limited the defenses which could be raised to a revival action, i.e., the judgment did not exist; the judgment was satisfied; the judgment has been otherwise discharged: Cusano v. Rubalino, 351 Pa. 41 (1944). In the case of Curry v. Morrison, 40 Pa. Superior Ct. 301 (1909), the court states that no defense can be set up except that which has arisen since the entry of judgment and under no circumstances can the merits of the original judgment be inquired into.

Since the defense of forgery is one which must be asserted against the original judgment, it is not properly raised at the revival stage.

We agree with plaintiff's position and hold that defendants' proper remedy is an application to open the judgment.

Defendants' contention that the Uniform Commercial Code, sec. 3-307(1), 12A PS §3-307(1), requires that the defense of forgery be pled is not subverted by our holding, since in this matter we regard a motion to open judgment which contains this allegation adequate pleading. Further, defendants are not in the position of ratifying the signature on the note if the motion is filed.

We, therefore, enter the following:

## ORDER

And now, December 23, 1971, the preliminary objections in the nature of a demurrer filed by plaintiff to defendants' new matter are sustained. Defendants shall have 30 days from the date hereof to present a motion to open the judgment.