## Clement *versus* Commonwealth ex rel. Beula Mettler.

1. While the Act of June 14th 1836 prohibits separate actions by differ-
ent plaintiffs on the same official bond, there is no prohibition therein against
the bringing of a separate suit in the name of the Commonwealth against
each obligor in the bond.

2. Suit was brought on the official bond of a prothonotary in the individ-
ual name of the party seeking redress, instead of in the name of the Com-
monwealth suggesting the name of the party as the Act of Assembly pre-
scribes, although the precipe and summons recited that the suit was on the
official bond. An appeal was entered and a declaration and plea filed, and
meantime the original cause of action was barred by the Statute of Limita-
tions. The court, however, permitted the record to be amended by making
the Commonwealth the party plaintiff, as directed by the act: *Held*, that the
amendment was proper, as it introduced no new cause of action and worked
no injury to the defendant.

June 8th 1880.    Before SHARSWOOD, C. J., MERCUR, GORDON,
PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Northumberland county:*
Of May Term 1880, No. 112.

Debt on an official bond by the Commonwealth of Pennsylvania
ex relatione Beula Mettler against Ira T. Clement. The suit was
originally brought in the name of Beula Mettler, plaintiff, against
Ira T. Clement.

The præcipe was "issue summons in debt founded on official
bond of William D. Haupt," &c., and the summons recited "to
answer Beula Mettler of a plea in debt on official bond" of said
Haupt. The defendant appealed, and a declaration in debt on
official bond was filed, and on August 20th 1879, defendant was
ruled to plead. On September 4th he pleaded non est factum.

On November 18th 1879, the plaintiff moved the court to amend
the title of the case so as to read "The Commonwealth of Penn-
sylvania, suggesting Beula Mettler." The defendant objected,
because by the 4th section of the Act of April 4th 1798, Purd.
Dig. p. 933, pl. 29, the time for the bringing of a suit or action on
any official bond is limited to seven years, to be computed from the
time the cause of action shall have accrued. The declaration filed
in this case avers that the cause of action in this case accrued on
the 25th of April 1872. The proposed amendment, therefore,
would be in point of law or fact equivalent to the bringing of a new
suit, barred by said Act of Assembly.

The court overruled the objection and allowed the amendment.

Upon leave granted, the defendant then withdrew the plea of
non est factum, and pleaded specially, that previous to the amend-
ment, Beula Mettler was not entitled to bring an action in her
individual name, as plaintiff, on said official bond; that prior to
the amendment the action was barred by the Statute of Limitations;

[Clement *v.* Commonwealth.]

that there were other persons on said bond, and equally bound, two of whom are dead and one living, who are not joined as defendants; and the said Beula Mettler has a prior action in the name of the Commonwealth for her use, in which her name is suggested for the same penalty, on said official bond, against Haupt, on which the Commonwealth, for her use, has recovered the full amount of the penalty on the said bond; and neither she, nor the Commonwealth for her use, can maintain two actions, or make two recoveries upon the same official bond, contrary to the specific directions of the said Act of Assembly of April 14th 1836.

The plaintiff filed a replication, to which defendant demurred, and after argument the court, Elwell, P. J., of the Twenty-sixth District, holding a special court, overruled the demurrer in an opinion, saying:

" The question raised by the pleadings is, whether separate actions may be brought against the obligors on a joint and several official bond of a prothonotary to recover for the negligence of the latter, by reason of which the party at whose instance the suit was brought lost the amount of a judgment.

" Official bond of prothonotaries and their sureties are required by Act of 14th April 1834, to be joint and several. The general rule in respect to joint and several obligations is, that the obligee may elect to bring a separate action against each obligor, or a joint action against all: Walter *v.* Ginrich, 2 Watts 204 ; 1 Chitty Pl. 37. The parties are bound according to the tenor of the instrument to which they put their signatures. Per Woodward, J., Miller *v.* Reed, 3 Casey 244.

" Before the passage of the Act of 14th June 1836, joint and several actions were maintainable on joint and several official bonds by each person claiming a several interest. Especially was this the case in actions upon sheriff's bonds under the Act of 1803 : Beeson *v.* Commonwealth, 13 S. & R. 249.

" It is contended that the Act of 1836 prohibits the bringing of separate actions against the obligors in official bonds on the ground that it provides that there shall be but one judgment in favor of the Commonwealth upon such bonds. This contention is no doubt correct to the extent that separate judgments cannot be entered against the same party at the instance of different parties. Nor can two judgments be entered either against all of the parties jointly nor against any one separately. In other words there can be but one suit and one judgment, for the penalty against any of the obligors. The cases Commonwealth *v.* Straub, 11 Casey 137, Commonwealth *v.* Cope, 9 Wright 161, decide that the pendency of a prior suit upon an official bond may be pleaded in bar of a second action. But these cases do not touch the question raised by this record. In these cases the plaintiff attempted to recover a second judgment

[Clement v. Commonwealth.]

against the same party, which the court held he could not do. In no case has it been held that suit may not be brought and judgment recovered against a party to a bond according to the terms of his bond. Estates of deceased co-obligors are not discharged by their death. But their representatives cannot be sued jointly with the survivors: 1 Chitty Pl. 50; Beeson v. Commonwealth, *supra.* Here then is one case where the action must be separate. The Act of 1836 cannot, I apprehend, be construed, as implied, by changing the common law in this respect, and requiring a joint action on such a case; no case has been cited on the argument, nor can any be found which hold that an action brought against them and the survivors would lie. But a separate action may be maintained against them.

"It follows that the Act of 1836 was not intended to change the law further than to prevent repeated actions against the same person, and at the same time to afford ample remedy to all persons interested. In doing this there is manifested no intention to prevent the parties upon official bonds being subject to a recovery of the penalty by action according to their contract.

"It is admitted by the demurrer that at the time it was filed no judgment had been rendered in favor of the Commonwealth in any other suit on the bond. There had been a verdict, but no judgment entered thereon. But if there had been a judgment, the right to maintain a suit against a several obligor would have been preserved to the plaintiff by the Act of 11th April 1848, Purd. Dig. 1121, which provides that a recovery against one or more joint and several obligors without any plea in abatement that all were not joined, shall not be a bar to any subsequent suit against any person who might have been joined in the action in which judgment was obtained. This act is general in its terms, and is applicable as well to official bonds as to other obligations. It has never been the law in this state that the bringing of separate suit against a joint and several obligor operates as a discharge of another obligor or of the estate of a deceased obligor. Formerly where suit was brought against all the obligors jointly and severally bound, and one died, his estate was discharged: Miller v. Reed, 3 Casey 244. This was remedied by the third section of the Act of 1848.

"The defendant has not denied the cause of action set forth in the declaration. The plea is essentially a plea in bar. The replication is in effect an admission of the facts alleged in the plea with one or two additional facts admitted by the demurrer. The parties have chosen to stake the result upon the question whether a separate action can be sustained against the defendant, after suit brought and verdict rendered against another co-obligor, two other of the co-obligors being dead. Upon the admitted facts I am of opinion that the action is rightly brought, that the demurrer of the

[*Clement v. Commonwealth.*]

defendant cannot be sustained, and that the plaintiff is entitled to judgment for the penalty of the bond, and that Beula Mettler, at whose instance the suit is brought, is entitled to judgment for amount of the judgment set forth in the declaration.

"Demurrer overruled, and judgment is entered for the Commonwealth for the sum of $5000, and in favor of Buela Mettler for $1458. Interest to be computed after judgment from November 19th 1879."

The defendant took this writ, and alleged that the court erred in allowing the amendment to the record; in overruling the demurrer of the defendant, and in entering judgment as above.

*S. B. Boyer* and *T. H. Purdy*, for plaintiffs in error.—We submit that the filing of the præcipe and issuing of the writ, in the manner and form they were done in this case, have not tolled the Statute of Limitations. The Act of 14th of April 1836, s. 6, pl. 1, is directory and must be strictly pursued. It provides "that the writ shall in such case be issued in the name of the Commonwealth and the names of the persons by whom the same shall be sued out shall be suggested as plaintiff therein."

Was not the issuing of the writ in the name of Buela Mettler a compliance with the directions of the Act of Assembly? The fact that the præcipe and summons recited that it was " on the official bond of William D. Haupt, prothonotary," is certainly a compliance with the Act of Assembly. We do not deny the power of the court to make amendments if they work no injury, but when the amendment changes the cause of action or revives a cause of action barred by limitation, we contend that the court has no such power: Kaul *v.* Lawrence, 23 P. F. Smith 410; Trego *v.* Lewis, 8 Id. 463; Kille *v.* Ege, 1 Norris 102; Leeds *v.* Lockwood, 3 Id. 70.

Under the Act of 28th March 1803, as many suits might be brought on an official bond as there were different parties in interest, but the Act of June 14th 1836 abolished that right. The remedy of a party interested in the official bond of a sheriff is exclusively under the provisions of the Act of 14th June 1836. It contemplates only one suit, and gives to all persons who have several interests the right to join in that suit or to make use of the judgment recovered if their cause of action occur after judgment: Com. *v.* Cope, 9 Wright 161; Same *v.* Straub, 11 Casey 142.

*S. P. Wolverton*, for defendant in error.—In allowing the amendment, the court below simply brought to the record the legal plaintiff, who held the legal right for the other plaintiff already on the record, who was beneficially interested. The status of the parties was in no way changed. The *narr.* to which the defendant pleaded the general issue, was properly drawn in the name of the

plaintiff as the record subsequently stood when amended.  By the writ and declaration, he had full notice of the claim before pleading the general issue.  It is submitted that this estops him from complaining of any error on the part of the court in allowing the amendment.  In Pennsylvania Railroad Co. v. Keen and Wife, 17 P. F. Smith 300, this court held that the Act of May 4th 1852 fully authorized the amendment if made apparent to the court, that there was an error in the original institution of the suit.  In that case the identical question was raised, and it was held that the amendment was proper, although made after the claim would have been barred by the Statute of Limitations and a new suit been brought, and the case was properly tried in the name of the party placed on the record by the amendment, the same as if the suit had originally been brought in their name.  See also Wilson v. Mechanics' Savings Bank, 9 Wright 488.

We do not claim that more than one action on the official bond of a prothonotary can be maintained against any one surety or against any one of the obligors, but we do contend that any party injured may bring suit severally against each obligor until he has obtained satisfaction or payment of his claim under the bond.  The general rule with respect to joint and several obligations has always been that a suit may be brought jointly against all the obligors, or severally against each one.

Mr. Justice TRUNKEY delivered the opinion of the court, June 22d 1880.

Judicial authority has not abridged the benefits of the statutory provision, that in all actions the "courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."  Adding the name of the Commonwealth as legal plaintiff was within the letter and spirit of the statute, and an amendment which the court had no power to refuse.

Beula Mettler commenced suit "on the official bond of William D. Haupt, as prothonotary of the county of Northumberland, in the sum of five thousand dollars," as appears in both præcipe and summons; and the declaration, filed before the end of seven years from the date of the cause of action, was drawn in the name of the Commonwealth of Pennsylvania suggesting Beula Mettler as plaintiff.  The ground of the suit and the name of the plaintiff in interest were explicitly set forth in the original writ and pleadings, and have not been changed; the omission of the uninterested but necessary legal plaintiff has been supplied.  Surely no real injury was done to the defendant, he was served with process, appeared to the action, and knew the law permitted amendment.  This is not

[Clement *v.* Commonwealth.]

the case of a change in the subject of the action, nor of the name of the actor in bringing the suit, nor of the addition of a defendant, but of adding a mere legal plaintiff who had nothing to do in the commencement or conduct of the suit. Therefore, the principle stated in Kaul *v.* Lawrence, 23 P. F. Smith 410, relied on by the defendant, will not avail him. Had the name of Beula Mettler been struck out and the name of another inserted, or another plaintiff in interest added, or the description of the subject of the suit changed, then, indeed, the defendant could have well insisted on the principle that no amendment should deprive him of the benefit of the Statute of Limitations or other meritorious defence, as against the actor added, or the subject newly described.

The second question presented is, whether separate actions may be brought against the obligors on the official bond of a prothonotary, which is joint and several, as it is required to be by statute. This is clearly answered in the opinion of the learned judge of the Common Pleas. The rule is, that when the obligation is joint and several, the obligee is at liberty to sue all the obligors jointly or each of them separately. Unable to gainsay the general application of the rule, the defendant contends it is abrogated by the Act of June 14th 1836, Pamph. L. 639, as respects actions on official bonds. Prior to this statute, as many suits might have been brought on an official bond, as there were persons holding several interests, as often as damages were sustained, and that was the mischief it was intended to remedy by permitting but one suit to be so conducted as to give every person having a claim the advantage of a trial as fully as if he had a separate action. The act defines and regulates the remedy on official bonds so as to require every person interested to join in the suit commenced, instead of bringing one for himself. The pendency of a suit on such bond is a bar to a subsequent action on the same instrument against the same parties, and may be so pleaded: Commonwealth *v.* Straub et al., 11 Casey 137; Commonwealth *v.* Cope et al., 9 Wright 161. In those cases the actions were against the same parties as in the former suits, and there was no question as to the right to bring a separate action against each obligor. Had the legislature intended to take away such right, it would have been easy to say so and also highly proper to have defined the procedure where one or more of the obligors had died. A right at common law is not abrogated by statute, unless there be clear repugnancy. The act contains no prohibition of separate suits against the officer and each of his sureties. It provides that the obligors may plead performance of the condition of the bond so far as respects the person or persons conducting the suit; and that may be done as readily when sued separately as jointly

Judgment affirmed.