## WM. BISHOP v. ALEX. GOODHART ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued April 28, 1890—Decided May 26, 1890.

1. In a scire facias to revive a judgment, an offer to prove as a set-off an item of indebtedness of the plaintiff to the defendant, is inadmissible, unless followed by evidence that the plaintiff accepted and acknowledged the item as a credit upon the judgment in suit.

2. Proof of the declarations of the judgment plaintiff, now deceased, that an indebtedness by him to the defendant should be credited on the judgment, is also inadmissible, when the declarations were made with reference to a long settlement with defendant of accounts embracing the indebtedness referred to.

3. Where points for instructions are presented which cannot be affirmed without qualification, but instructions upon the questions raised by them

Statement of Facts.

are given in the general charge as favorably to the proponent as he is entitled to, a refusal to answer the points specifically as requested is not reversible error.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 120 July Term 1889, Sup. Ct.; court below, No. 351 September Term 1888, C. P.

On September 6, 1888, John Wise and James Bishop, executors of William Bishop, deceased, issued a scire facias to revive a judgment for $475.93, originally entered by William Bishop in his lifetime against Alexander Goodhart and Samuel Piper. The defendants pleaded payment, payment with leave.

At the trial on May 28, 1889, the plaintiffs' case having closed, the defendants made the following offers :

Mr. Herman : The defendants offer in evidence a note of William Bishop and James Bishop, dated May 7, 1887, for $18.06, payable ninety days after date to the order of Eberly & Orris, at the First National Bank of Newville ; indorsed, Eberly & Orris, and duly protested for non-payment, and certificate of protest. "Received payment on this note from Alexander Goodhart. B. Davis, cashier." The debt and protest is $19.66. The date of the protest is August 8, 1887.

Mr. Beltzhoover : Objected to, unless it is followed by proof.

Mr. Leidich : We offer this as a set-off.

By the court : It is not admitted for that purpose ; you cannot prove a set-off against a judgment. If followed by proof, as I understand all these separate items would be, that it was accepted in payment of the judgment, then it can be credited as a payment.

Mr. Leidich : We offer this as a set-off against their claim. We also offer to follow by proof that William Bishop agreed that it should be applied to the payment of this judgment. If we cannot make the proper proof, we will have to stand simply on the other ground.

By the court: If offered simply as a set-off, of course we will have to reject it. If offered with the expectation of following it by proof that it was accepted in payment of this judgment and should be credited thereon, then we will have to admit it.

## Statement of Facts.

Mr. Beltzhoover: The plaintiffs object that it is not a proper evidence of set-off or credit on this judgment.

By the court: We think the objection well taken unless it is shown by other evidence to have been accepted in payment of the judgment. If it was agreed that it should be credited upon the judgment, then it would be a proper item of defence. We admit the offer, therefore, for the present, and if followed by proof showing that it was accepted as a credit, then it would be a proper item of defence; otherwise, it goes for nothing; exception.[1]

Samuel Piper, a defendant, called:

Mr. Herman: The defendants propose to prove by the witness on the stand that he was the clerk at the sale of Alexander Goodhart in February, 1873, and that this paper is the ledger used at that sale, and shows a memorandum of purchase by Mr. Bishop to the amount of $161.27; to be followed by proof that, shortly before Mr. Bishop's death, in a conversation he had with Alexander Goodhart, he said they had a settlement, their affairs were somewhat complicated, and mentioned the items of the settlement, amongst others the goods that he had bought at this sale, for which he admitted he still owed, and agreed that the amount thereof should be applied to the payment of this judgment.

Mr. Beltzhoover: Objected to by the plaintiff that the witness is incompetent to prove the facts proposed.

Mr. Herman: We will add to the offer, " Mr. Bishop having died in August, 1887."

By the court: We think the offer is inadmissible, because the witness is incompetent, and because it is not his book of original entries of accounts against the plaintiff, and because the items contained in it are not such as of themselves would be evidence; exception.[2]

At the close of the testimony, the defendants presented the following points for instruction:

1. Defendants having shown by the uncontradicted testimony of George Beltzhoover and others that William Bishop was indebted to Alexander Goodhart in the sum of $44.25, paid for him in 1873 for a threshing machine; and that he was further indebted to him for the price of articles purchased

Charge of Court below.

at his (Goodhart's) sale in the spring of 1872, amounting to
$200 and upwards, and having further proved that shortly be-
fore his death, in the latter part of July or the early part of
August, 1887, William Bishop acknowledged that he still owed
Alexander Goodhart on account of these matters, admitting
that he owed $200 and upwards for the amount of goods pur-
chased at the sale, and having shown further by uncontradicted
testimony that he agreed that the money paid for this thresh-
ing machine and the price of the goods purchased at his (Good-
hart's) sale should be applied in payment of the judgment in
suit, the defendants are entitled to have deducted from the
amount of said judgment the sum of $44.25, with interest
from February 20, 1873, on account of the threshing machine,
and the sum of $200, with interest, from February 20, 1873,
on account of the goods bought at his (Alexander Goodhart's)
sale, in addition to the amount paid on the Lee judgment, to
wit: $92.90, with interest from July 15, 1887.[3]

2. Defendants having shown the payment by Alexander Good-
hart of a note against William Bishop, dated May 7, 1887, for
$18.06, with interest and costs of protest, amounting to $19.66,
are also entitled to have this amount deducted from the amount
of the judgment, the witness Early having testified that there
were other items mentioned by Bishop which he agreed should
be applied to the payment of the judgment.[4]

The court, BARNETT, P. J., 41st district, holding special term,
charged the jury:

[The evidence in this case goes to show that there was a con-
versation between the plaintiff and one of the defendants in
which the plaintiff said that there were certain sums,—admitted
certain sums were owing from him to Mr. Goodhart, and that
those sums should be credited upon this judgment. But he also
spoke at the same time of other items, of there being a long set-
tlement between them and that they ought to get their matters
fixed and settled between them. Where is any evidence which
would satisfy this jury of a specified amount which was agreed
upon between the parties as a credit that should be entered
upon this judgment? They may have thought of settling their
accounts and crediting upon this judgment whatever balance
that settlement might show, but that settlement never was

Arguments.

made; and we are of the opinion that there is not sufficient evidence in this case to warrant the jury in applying any specified amount in satisfaction of this judgment, except the amount that is not contested by the representatives of the plaintiff themselves. They do not contest that the payment of the execution for $92.90 should be admitted as a credit upon this judgment, but there is not sufficient evidence that would warrant you in adding any other amount to this sum as a credit upon this judgment.] [5]

[We, therefore, are of the opinion that the jury should find in favor of the plaintiffs the amount of the judgment, to wit, $807.39, with interest from September 10, 1883, up until this date, and deduct from that the admitted payment of $92.90; and the balance would be the proper sum which the plaintiffs are entitled to recover in this case. We have made that calculation for you. It amounts to $991.40. You may refuse that calculation, but we think that is the only sum as shown by the evidence which should be a credit upon this judgment.] [6]

So far as the points presented by the plaintiffs and defendants are concerned, we think they are fully answered by this general charge, and therefore we need not answer them seriatim.

—The jury returned a verdict for the plaintiffs for $991.40. Judgment having been entered, the defendants took this appeal, assigning for error:

1, 2. The refusal of the defendants' offers. [1] [2]

3, 4. The refusal of the defendants' points. [3] [4]

5, 6. The parts of the general charge in [ ] [5] [6]

7. The refusal to answer specifically the defendants' points.

*Mr. M. C. Herman* (with him *Mr. S. M. Leidich*), for the appellants.

Counsel cited: Hugg v. Brown, 6 Wh. 468; Filbert v. Hawk, 8 W. 443; Hazlebaker v. Reeves, 12 Pa. 264; Johns v. Lantz, 63 Pa. 324; Davis v. Steiner, 14 Pa. 275; Patton v. Hassinger, 69 Pa. 314.

*Mr. F. E. Beltzhoover* (with him *Mr. Robert McCachran*), for the appellees.

Counsel cited: Hinkley v. Walters, 8 W. 260; Cardesa v. Humes, 5 S. & R. 65; Davidson v. Thornton, 7 Pa. 128;

Wambold v. Hoover, 110 Pa. 9; McClelland v. West, 59 Pa. 487; Miller v. Baschore, 83 Pa. 356; Landis v. Roth, 109 Pa. 621; Weaver v. Weaver, 54 Pa. 152.

PER CURIAM:

We are not convinced that there is any error in this record that would justify a reversal of the judgment. The offers of evidence recited in the first and second specifications were rightly rejected. There was no error in refusing to affirm defendants' points as presented, nor in refusing to answer either of them more specifically than was done in the general charge. Neither of them could have been affirmed without qualification, and hence it would not have been error to have refused them both. The general charge, including the portions recited in the fifth and sixth specifications, was quite as favorable to the defendants as they had any just reason to expect. The evidence on which they relied was not sufficient to have justified the jury in finding that they were entitled to any other credit on the judgment than the $92.20 that was admitted to be correct. Neither of the assignments of error is sustained.

Judgment affirmed.

