Bordentown Banking Company v. Restein, Appellant (No. 1).

| 214 | 331 |
| f214 | 335 |

*Promissory notes—Affidavit of defense—Practice, C. P.*

In an action on a promissory note an affidavit of defense is insufficient which avers that a part of the consideration moving from plaintiff to defendant for the note in suit and without which the note would not have been delivered, was the purchase of a claim held by the plaintiff against a person named, amounting to a sum stated, "which claim the plaintiff agreed to assign to such person or persons as the parties on the note sued upon should request. Plaintiff has not, however, assigned the claim, but neglected so to do, and the obligation executed by the defendant is not due or payable until the said claim has been assigned according to the above agreement, due request having been made for the same."

Argued Jan. 12, 1906. Appeal, No. 231, Jan. T., 1905, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1905, No. 547, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Bordentown Banking

Company v. Rebecca Restein, trading as E. P. & L. Restein Co. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Assumpsit on a promissory note.

The affidavit of defense was as follows:

Deponent is informed, believes, and expects to be able to prove, that a part of the consideration moving from plaintiff to defendant for the note recited in plaintiff's statement upon' which the above suit has been brought, and without which the said note would not have been delivered to plaintiff, was the purchase of a claim then held by the plaintiff against one William Brown, amounting to over $4,000, which claim the plaintiff agreed to assign to such person or persons as the parties on the note sued upon should request.   Plaintiff has not, however, assigned the claim, but neglected so to do, and the obligation executed by the defendant is not due or payable until the said claim has been assigned according to the above agreement, due request having been made for the same.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Alex. Simpson, Jr.*, with him *Francis Shunk Brown*, for appellant.—That a partial failure of consideration is a defense, is clear, and needs no citation of authority to sustain it.

It would have been difficult, if not impossible, to have averred the value of the claim which plaintiffs refused to assign.   Until it was assigned we could make no attempt to collect it.   It was their act which prevented us from determining its value, and they cannot aver their own wrongdoing as an excuse for not making the affidavit more specific.   If by their neglect we lose a recovery against Brown the loss is theirs, not ours: Bishop v. Reed, 3 W. & S. 261; Guthrie v. Horner, 12 Pa. 236.

*Henry Wolf Biklé* with him *John H. Hutchinson*, for appellee. —The alleged failure on the part of the plaintiff to transfer the claim being merely part of plaintiff's obligation could not bar plaintiff wholly and forever from recovering what it had advanced on the note in question, or at least some part thereof:

Gould v. Bush, 13 W. N. C. 29; Ogden v. Beatty, 137 Pa. 197; Gausler v. Bridges, 13 Pa. Superior Ct. 646; Louchheim v. Becker, 3 W. N. C. 449; Carnahan Stamping, etc., Co. v. Foley, 23 Pa. Superior Ct. 643; Cosgrave v. Hammill, 173 Pa. 207.

The alleged defense is not sufficiently set forth, but the averments of the affidavit are shifty, evasive and incomplete, and some of them mere conclusions of law: Cumberland B. & L. Assn. v. Brown, 4 W. N. C. 494; Bank v. Stadelman, 153 Pa. 634; McCracken v. First Reformed Presby. Congregation, 111 Pa. 106; Marsh v. Marshall, 53 Pa. 396.

That the defendant should seek to overthrow the express provisions of this solemn instrument by setting up a collateral oral agreement without alleging any fraud, accident or mistake is a flagrant attempt to secure a disregard of well-settled principles: Homewood People's Bank v. Heckert, 207 Pa. 231; Clarke v. Allen, 132 Pa. 40; Wolf v. Rosenbach, 2 Pa. Superior Ct. 587; Marsh v. Marshall, 53 Pa. 396.

OPINION BY MR. JUSTICE STEWART, March 12, 1906:

If the facts stated in appellants' history of the case had been distinctly averred in the affidavit of defense, the sufficiency of the latter could not have been questioned. If they are true, it is simply remarkable that they should be so absolutely hidden or avoided in the affidavit. It is with the latter only that we have to deal. The averments there are that part of the consideration moving from plaintiff to defendant for the note in suit, and without which the note would not have been delivered to plaintiff, was a claim held by plaintiff against one William Brown, amounting to over $4,000 which plaintiff agreed to assign to such person or persons as the parties on the notes sued on should request; that plaintiff has not assigned said claim, and that " the note sued on is not due or payable until said claim has been assigned according to agreement, due request for the same having been made.'"

If the note sued on is not due, it must be because of some collateral agreement not here set out. By its terms it is due, and the averment to the contrary is simply a conclusion. What is required in an affidavit of defense is a statement of facts, from which the court can derive its own conclusions.

It is distinctly averred that the transfer of the claim against William Brown, was a part of the consideration for the note in suit. Assuming the correctness of this statement, plaintiff's failure to transfer the claim would be at best, a defense pro tanto to plaintiff's demand. But to how much of it in dollars and cents? For all that appears, the claim to be transferred may have been of little value; but, great or small, the affidavit furnishes no basis whatever for its appraisement. For so much of plaintiff's demand as was outside this particular part of the consideration, there being no defense set up to it, plaintiff would be entitled to a judgment; but the indefiniteness and insufficiency of statement in the affidavit make this impossible. Whatever the value of the Brown claim, since it was only a part of the consideration of the note in suit, it should have been set out in the affidavit.

Again, the affidavit contains no distinct averment that any request had been made for a transfer of the Brown claim. The concluding sentence is the only one in which reference to a demand or request for a transfer of the claim appears, and this is so equivocal in expression, that with quite as much reason it may be taken to refer to the terms of agreement to assign, as to the fact that a request had been made. Even though it be accepted as an averment of fact, it comes far short of what is required, in not stating when the demand was made and of whom. General indefiniteness of statement characterizes the affidavit throughout, and would invite comment, except that we have indicated it quite enough to condemn it without more.

Judgment affirmed.