## Thomas *v.* Dickerson, Appellant.

*Practice, C. P.—Amendment—Parties—Partnership.*

1. Where in a suit against two partners an affidavit of defense suggests the death of one of the partners, the plaintiff is entitled to have the record amended so as to show the name of the surviving partner "as the liquidating and surviving partner" of the deceased partner. If such an amendment is refused in the lower court, the appellate court on appeal will consider it as granted.

*Affidavit of defense—Sale—Goods sold and delivered.*

2. An affidavit of defense in a suit for goods sold and delivered is insufficient, which merely alleges payment, but gives no information as to the time of payment, by whom made, or the manner or amount of such payment; and there is nothing to show that the defendant could not have examined the plaintiff's books as to the subject of payment, if he had so desired.

Argued Nov. 19, 1912. Appeal, No. 42, Oct. T., 1912, by defendant, from order of C. P. Delaware Co., Sept. T., 1909, No. 115, making absolute rule for judgment for want of a sufficient affidavit of defense in case of D. N. Thomas

508    THOMAS *v.* DICKERSON, Appellant.

Statement of Facts—Opinion of the Court.   [52 Pa. Superior Ct.

v. Edward Dickerson, Surviving Partner of Bunyea & Dickerson.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*O. B. Dickinson*, with him *Albert J. Williams*, for appellant.

*A. D. MacDade*, with him *H. W. Pyles*, for appellee.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiff having furnished sand to the firm of Bunyea & Dickerson brought suit before a justice of the peace for the amount of his claim and obtained judgment therefor.  Edward Dickerson, one of the partners, appealed the case to the court of common pleas and filed an affidavit of defense therein in which he suggested the death of Bunyea, one of the partners, and set forth the defense which he proposed to make on the merits of the case.  The transcript of the justice filed in the court below is not printed by the appellant.  It is stated in the history of the case, however, that the record showed a service on both partners, and it is admitted that service was made on Dickerson, the appellant.  After the filing of the affidavit of defense the plaintiff obtained a rule to show cause why the record should not be amended by substituting for the name of the defendant wherever the same appeared on the record and particularly in the appeal, statement of claim and all other papers filed in the case the following: "Edward Dickerson, liquidating and surviving partner of Martin Bunyea, which said Martin Bunyea in his

lifetime and the said Edward Dickerson were co-partners under the name of Bunyea & Dickerson." Subsequently the plaintiff entered a rule for judgment for want of a sufficient affidavit of defense and for judgment for the amount admitted to be due. On the hearing of the rule to amend the court dismissed the petition for the reason as stated in the opinion: "We see no occasion for the amendment and the application is therefore dismissed." The rule for judgment for want of an affidavit of defense after argument was made absolute on February 9, 1912, and on February 27, 1912, the court directed judgment to be entered in favor of the plaintiff and against Edward Dickerson, surviving partner of the copartnership of Bunyea & Dickerson for want of a sufficient affidavit of defense and judgment was accordingly entered for $234.37. The discharge of the rule to amend the record by substituting the name of Dickerson as surviving and liquidating partner was perhaps based on the decision in Walsh v. Kirby, 228 Pa. 194, where it was held that in an action against a partnership a service on one of the partners is good to support a judgment binding the partnership property but that such service would not support a judgment as a charge against the individual property of the partner or partners not served. That was a case where the partner not served was living and the partnership subsisting. It may be doubted whether it is an authority sustaining the record as it stands in this case. But however that may be we consider it clear that the plaintiff when informed by the affidavit of defense that one of the partners had died before the action was brought had a right to the amendment of the record for which he applied and which the court deemed unnecessary. The claim was for a partnership debt, the surviving partner was personally served, he appealed the case to the common pleas and there appeared by counsel and made defense. The administrator or executor of the deceased partner. could not have been joined in the same action and the proceeding was therefore really and properly against

Dickerson as surviving partner. Inasmuch as the plaintiff sought to conform the record to the fact then developed that Bunyea was dead the amendment which might then have been allowed should be considered in this appeal as granted. Striking the name of Bunyea from the record did not change the form of action nor affect the cause of action, nor did it in any wise hinder or obstruct the surviving partner in making any defense which he had to the plaintiff's demand. The amendment would have made the record conform to the facts presented by the pleadings and will be now considered as made when it might have been: Bolton v. King, 105 Pa. 78; Trainor v. R. R. Co., 137 Pa. 148. It is to be observed, moreover, that when the court entered·judgment in the case it was against the appellant as surviving partner, and this was in effect an amendment of the record in conformity to the application made by the plaintiff.

The remaining question is, was the affidavit of defense sufficient? We agree with the learned judge of the court below that it does not set forth any facts which ·contradict the right of the plaintiff to recover. There is no denial that the sand was received by the firm nor assertion that the price was more than the plaintiff was entitled to have. The allegation of payment is insufficient under all the authorities. No information is given as to the time of payment, by whom made, or the manner or amount of such payments. There is no averment that the plaintiff refused permission to the defendant to examine the plaintiff's books or that he ever made any effort to look at them, and if he needed time for that purpose he should have asked for an extension of time to permit him so to do. The appellant's lack of familiarity with this branch of the business of the firm does not relieve him from the necessity of filing an affidavit which sets up a defense. The record shows that he had more than two months from the time the action was brought until the date of the filing of the affidavit of defense in which to inquire in regard to the correctness of the plaintiff's demand, and his written ad-

mission attached to the statement of claim shows that he knew and admitted the amount and correctness of the account more than five months before the affidavit was filed. We regard the affidavit as insufficient from any point of view.

The assignments are overruled and the judgment affirmed.