# Beaver Falls Planing Mill Company *v.* Whiteside, Appellant.

*Practice, C. P.—Affidavit of defense—Promissory note—Set-off—Rule of court.*

1. In an action upon a promissory note for $300, the affidavit averred that the note "was given as an accommodation to the plaintiff before all of the material which was being supplied for the defendant by the plaintiff had been delivered to the said plaintiff. . . . The plaintiff is indebted to the defendant in the sum of $200 paid to the said plaintiff on May 18, 1908, which sum the plaintiff neglected to give the defendant credit for, and which is still owing by the plaintiff to the defendant." The note in suit was dated April 11, 1910. *Held*, that the affidavit was insufficient, because (1) it left wholly to inference that the note was given for material which the plaintiff was to furnish; (2) it did not set forth the kind, quantity or value of the material, and (3) the averment of a set-off of $200 was a mere conclusion of law unsupported by any allegation of facts.

2. Where a rule of court requires the plaintiff upon entering rule for judgment for want of a sufficient affidavit of defense to specify in writing wherein the affidavit is insufficient, a specification that the affidavit was "vague and uncertain in its terms," is a sufficient compliance with the rule.

Argued May 14, 1913.   Appeal, No. 153, April T., 1913, by defendant, from order of C. P. Beaver Co., Dec. T., 1910, No. 3, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Beaver Falls Planing Mill Company v. R. A. Whiteside. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*William A. McConnell,* for appellant.

*J. Rankin Martin,* for appellee.

PER CURIAM, July 16, 1913:

This was an action of assumpsit on a negotiable promissory note for $300, given by the defendant to the plaintiff on April 11, 1910, and payable sixty days after date.

One of the allegations of the affidavit of defense is that the note "was given as an accommodation to the plaintiff, before all the material which was being supplied for the defendant by the plaintiff had been delivered to the said defendant." This allegation is defective in that it leaves wholly to inference that the note was given for material which the plaintiff was to furnish, and, even if that be inferred, the affidavit is further defective in not setting forth the kind, quantity, or value of the material to be furnished, and in not alleging that all the material had not been furnished at the time the note became due.

The other allegation of the affidavit is that "the plaintiff is indebted to the defendant in the sum of $200 paid to the said plaintiff on May 18, 1908, which sum the plaintiff neglected to give the defendant credit for, and which is still owing by the plaintiff to the defendant." Obviously, this is not a good averment of a set-off based on an independent demand for money loaned. A set-off alleged in an affidavit of defense must, in order to be availing, be stated with precision, and the court must be left in no doubt as to its source and character. "What is required in an affidavit of defense is a statement of facts from which the court can derive its own conclusions:" Bordentown Banking Company v. Restein, 214 Pa. 331. The averment that the plaintiff is indebted to the defendant in the amount of the payment is a mere conclusion of law, which, in the absence of allegation of facts from which such conclusion arises, is insufficient in an affidavit of defense. Nor can the above-quoted clause of the affidavit be treated as an averment that the payment was on account of the note, for it was made nearly two years before the note was given. Whether it had any connection with the transaction resulting in the giving of the note, and whether by reason of the payment any valid defense or

right of set-off to the note accrued to the defendant, are
matters left to conjecture.   And the uncertainty is ren-
dered greater when the vague and ambiguous averments
we have noticed are read in connection with the defend-
ant's admission at the beginning of his affidavit, "that
he owes the sum of $300, on the note mentioned in the
plaintiff's statement of .claim, but alleges," etc.   This
would not be inconsistent with a subsequent averment of
set-off if such had been explicitly made, but it requires
undue exercise of ingenuity to reconcile it with the con-
tention that the note, or the debt for which it was given,
was reduced by a payment made in 1908.

The appellant's contention that the rule of court re-
quiring the plaintiff, upon entering rule for judgment for
want of a sufficient affidavit of defense, to specify in
writing wherein the affidavit is insufficient, was not com-
plied with, is not sustained.   The plaintiff complied with
the rule, as shown by the files sent up with the record, by
filing a written motion for judgment and assigning as one
of the reasons therefor that the affidavit was "vague and
uncertain in its terms."   As shown by the learned judge's
opinion, this was the ground upon which he adjudged the
affidavit insufficient, and in that conclusion we concur.

The judgment is affirmed.