## Adams, to use of Drake, v. Adams et al.

*Practice, C. P.—Judgments—Revival — Defence on merits — Promissory note — Negotiability — Joint and several obligation — Set-off — Affidavit of defence—Sufficiency.*

1. A promissory note containing a warrant of attorney authorizing the immediate entry of judgment before maturity of the obligation is not a negotiable instrument.

2. The only defence permitted in the trial of a *scire facias* to revive a judgment is a denial of the existence of the judgment or proof of its satisfaction or discharge. Under no circumstances can the merits of the original judgment be inquired into. Items amounting to accord and satisfaction or set-off against the original judgment cannot be set up as a defence upon *scire facias* to revive.

3. The plaintiff bringing suit upon a joint and several obligation may elect to sue one or both of the defendants severally or jointly.

4. An affidavit of defence upon *scire facias* to revive a judgment must contain the full and complete defence. Where the record is not denied or its validity is not questioned and the only claim of payment is by way of vague and unsatisfactory statements indicating a possible claim of accord and satisfaction or set-off, the affidavit is insufficient and judgment will be entered for plaintiff for want of a sufficient affidavit of defence.

Rule for judgment for want of sufficient affidavit of defence to *scire facias* to revive a judgment. C. P. Montour Co., Oct. T., 1924, No. 24.

*W. C. Johnson,* for rule.

*Thomas C. Welsh* and *Edward Sayre Gearhart,* contra.

POTTER, P. J., 17th judicial district, specially presiding, July 18, 1925.—On Jan. 9, 1902, the two defendants gave to J. Brit Adams their note, the following being a copy:

"Muncy Pa. Jan. 9th, 1902.

"Ten months after date, for value received, I or we promise to pay to J. Brit Adams, or bearer ($42.00) forty-two dollars at the Muncy Banking Co., of

Muncy, Pa., without defalcation or stay of execution, and I or we hereby authorize any prothonotary, or any attorney of any court of record, to appear and confess judgment for the above sum with costs, and 5% added as attorney's commission for collection, waiving the benefit of all laws exempting property from levy and sale on execution, and the right of inquisition on real estate, and do further agree that this note shall be subject to the same rules governing commercial paper as to equities.     Signed

U. R. ADAMS     Seal
B. R. ADAMS     Seal"

On the back of the note is the following endorsement:

"I hereby assign this note to Mrs. J. Brit Adams.

"Sept. 12, 1906.                                    J. BRIT ADAMS

"Entered and filed Dec. 5th, 1917."

J. Brit Adams died on Sept. 18, 1906, testate. His executor, named in the will, took the presumably proper legal steps to settle his estate, and on Jan. 13, 1908, filed his account showing a balance in his hands of $262.30, which account was duly confirmed absolute on Jan. 18, 1908.

We might say at this time that U. R. Adams, the defendant in these proceedings, and J. Brit Adams, the plaintiff, are sons of B. R. Adams, and that the widow of J. Brit Adams married a Mr. Drake.

B. R. Adams, the father of the plaintiff and of the defendant, died July 17, 1917, intestate, possessed of an estate that was duly settled, when it was found that the sum of $412.91 was due to U. R. Adams as his distributive share of the estate of his deceased father.

A writ of *scire facias* was issued on this judgment held by Mrs. J. Brit Adams (now Drake) against U. R. Adams, and his said share of his father's estate was attached in the hands of M. G. Youngman, trustee appointed by the Orphans' Court of Montour County to make sale in partition of the real estate of B. R. Adams. Interrogatories were duly filed, and the said trustee, as garnishee, made reply thereto admitting to have in his hands the sum of $412.91 which had been, by the Auditing Judge duly appointed to distribute the funds in the said trustee's hands, awarded to the said U. R. Adams.

The said U. R. Adams then filed an affidavit of defence to the writ of *scire facias*. The use-plaintiff then took out a rule for judgment for want of a sufficient affidavit of defence, which rule we now have before us for disposition. We shall consider the paragraphs of the affidavit of defence and the reasons set up in opposition to them by the use-plaintiff in their numerical order in due form at the proper time and place.

The plaintiff, J. Brit Adams, and the defendant, U. R. Adams, are brothers, and B. R. Adams, who apparently is security for U. R. Adams, is the father of both of them. U. R. Adams, before coming into the said sum as his inheritance from his father's estate, was without means, and the judgment against him was, individually, considered practically worthless.

The first paragraph of the affidavit of defence is as follows:

"That the deponent is advised by his counsel, and therefore avers, that the note on which judgment was originally entered in this case is a non-negotiable instrument, and, as such, Mrs. J. Brit Adams (now Drake), the above named use-plaintiff, acquired the same subject to all its legal incidents, equities and other legal infirmities in the nature of payment and set off."

We have no hesitation in saying that this note is not negotiable. Under its provisions, it could have been entered as a judgment any time after it was executed, even before maturity, which fact at once destroys its negotiability.

Section 5 of the Act of May 16, 1901, P. L. 194, provides, *inter alia*, as follows: "An instrument which contains an order or promise to do an act in addition to the payment of money is not negotiable. But the character of an instrument, otherwise negotiable, is not affected by a provision which authorizes a confession of judgment *if the instrument is not paid at maturity.*"

The warrant of attorney to confess judgment in a promissory note destroys the negotiability of it: Baker, to use of Minick, v. Nipple, 16 Pa. C. C. Reps. 659; Neill & Co., for use of Oil City Trust Co., v. Dawson, 11 Dist. R. 633; Cox, for use of, &c., v. Shenk, 28 Dist. R. 160; Volk v. Shoemaker, 229 Pa. 407; Lester Brothers, to use of First National Bank of Saegertown, v. Shoop, 2 D. & C. 762; Hipple v. Stoner, 14 Dist. R. 631; Lester, to use of Laurelton State Bank, v. Kleckner, 5 D. & C. 342.

The last cited case comes from Union County, the opinion of which was written by the writer hereof, and the note in question is so identical with that one that the same principles as laid down in that case apply to this one.

The second paragraph of the affidavit of defence is as follows:

"That some time after the said note was executed and delivered by the deponent to J. Brit Adams, the original owner and holder thereof, it was expressly stipulated and agreed by and between him and the deponent that the latter was to be properly accredited, until the said note was fully paid, with the amount and value of all services thereafter rendered, and with all goods and merchandise thereafter furnished by the deponent to the said J. Brit Adams."

The third paragraph is as follows:

"That in pursuance of such arrangement, and at the special instance and request of the said J. Brit Adams, the deponent cared for and fed his own grain and hay to the stallion of the said J. Brit Adams to the aggregate of one hundred dollars."

The fourth paragraph is as folllows:

"That deponent also sold to the said J. Brit Adams a cow at the mutually agreed price of forty dollars; also geese and turkeys at the mutually agreed price of nine dollars and ninety cents; and further loaned to the said J. Brit Adams the sum of ten dollars in cash, and for no portion of which has the deponent as yet been paid by the said J. Brit Adams or by any one in his behalf."

We can very readily dispose of the second, third and fourth paragraphs together, as they practically relate to the same matter.

In the light of the authorities and the universal decisions of our courts, both district and appellate, we fail to see how the matter contained in these paragraphs can be admitted as a defence. In the case of Curry v. Morrison, 40 Pa. Superior Ct. 301, we find it plainly stated that the only defence in the trial of a *scire facias* on a judgment is a denial of its existence, or proof of the subsequent satisfaction for the discharge of it, and that under no circumstances can the merits of the original judgment be inquired into. In this case the partnership affairs of two partners were not permitted to be examined or inquired into on a *scire facias* against one of the partners.

This same doctrine is also laid down in the cases of Dowling v. McGregor, 91 Pa. 410; Campbell's Appeal, 118 Pa. 128; Cardesa v. Humes et al., 5 S. & R. 65; Trader v. Lawrence, 182 Pa. 233.

And in a *scire facias* to revive a judgment, an offer to prove as a set-off an item of indebtedness of the plaintiff to the defendant is inadmissible, unless followed by evidence that the plaintiff accepted and acknowledged the item as a credit upon the judgment in suit: Bishop v. Goodhart, 135 Pa. 374.

Adams, to use of Drake, *v.* Adams et al.

So rigidly do the courts apply the law relative to revivals on a *scire facias* that they will not even permit the irregularity of the entry of a judgment to be inquired into on the *scire facias* to revive. The remedy in such case apparently would be a rule to open the judgment: Campbell's Appeal, 118 Pa. 128.

It is alleged in the affidavit of defence that it was agreed between J. Brit Adams, the plaintiff, and U. R. Adams, the defendant, that the latter was to receive credit on the said note for the value of services thereafter rendered, and for the value of goods and merchandise thereafter furnished by the defendant to the plaintiff. This agreement, if any such ever in fact existed, would need to be proven to the satisfaction of the court. Just how it could be proven as occurring between these two parties we are unable to say. J. Brit Adams is dead, and U. R. Adams could hardly testify to this allegation. Then, again, there is no itemization of the labor performed or the goods furnished or the money loaned. They may have been furnished and performed within the statutory period and they may not. There are no dates, nor is the amount of labor performed or the goods and merchandise furnished given. In fact, there is no precision as to any of the items. They are entirely too vague and uncertain. They could not be received as a defence on the trial of the case as they stand in the affidavit of defence.

An affidavit of defence averring that the indebtedness had been paid by notes given, and that afterwards the plaintiffs had agreed to take the amount claimed in trade and not to bring suit therefor, is not sufficient to prevent summary judgment: Morrison *v.* Nevin, 130 Pa. 344.

About all we can say about the credits claimed is that, at best, all they could amount to might be an accord and satisfaction, and this is not the proceeding in which to entertain this kind of a defence. See Thomas *v.* Dickerson, 52 Pa. Superior Ct. 507; Beaver Falls P. M. Co. *v.* Whiteside, 54 Pa. Superior Ct. 475; Persing *v.* Eby, 2 Northumb. L. J. 119; Bishop *v.* Goodhart, 135 Pa. 374. We feel free to say that the allegations as contained in the second, third and fourth paragraphs of the affidavit of defence do not constitute a valid and legal defence.

The fifth paragraph is as follows:

"That the deponent is in no manner whatsoever indebted to the said J. Brit Adams or to the said Mrs. J. Brit Adams (now Drake), the above named use-plaintiff, and that at the trial of this cause the deponent will very properly demand a certificate in his favor for the amount and sum of money which is still justly due and payable to him by the said J. Brit Adams in excess of the amount of said note and of the judgment originally entered thereon."

Nowhere in the affidavit of defence is there a denial of the note nor that the defendant gave it. We do have, however, several instances where the defendant admits the existence of the note. The defence set up in this paragraph is one of set-off. Or, the defendant proposes to offer as a set-off to the judgment certain sums which, at best, are entitled to no higher legal consideration than being items of a book account. We fail to see how these items of a book account can be offered or admitted as a set-off against a judgment. They are unliquidated, the amounts of labor and goods furnished are not given, and no dates as to when the labor was performed or the goods were furnished. It is a well-settled legal principle that to a judgment there can be no set-off of a debt not in judgment. One judgment may be set off against another judgment through the equitable powers of the court, but to a judgment ripe for execution there can be but one answer, and that is payment: Beaty *v.* Bordwell, 91 Pa. 438; Stroud's Appeal, 109 Pa. 326; Miller *v.*

Bradford, 19 Pa. Superior Ct. 297; McKee *v.* Verner, 239 Pa. 69; Cooke *v.* Edwards, 15 Pa. Superior Ct. 412.

Under these authorities, it is very plain that these items of account, as contained in this paragraph of the affidavit of defence, could not be received if they were offered. They, therefore, do not constitute a legal defence.

The sixth paragraph is as follows:

"That deponent is further advised by his counsel, and therefore avers, that the personal representatives of the said B. R. Adams, the second of the above named defendants, and who is now deceased, have not been made parties to the record in the present proceedings, and that, therefore, no judgment of revival can be legally taken against him by default or otherwise except through the medium of such personal representatives."

. The seventh paragraph is as follows:

"That in the fatal absence of proper record of such personal representatives of B. R. Adams, no valid judgment of revival can be legally taken and entered against the deponent to his manifest prejudice in the premises."

These two paragraphs can well be considered together. It seems to be admitted that the note on which judgment was entered is a joint and several one, with which we heartily concur. If this was a joint note, then, indeed, proceedings would need to be brought against all the defendants or their legal representatives. If it was a several note, then separate actions would need be brought against the defendants. But on a joint and several note the plaintiff can elect to sue separately or jointly: Mintz *v.* Gas Co., 259 Pa. 477; Clement *v.* Com., 95 Pa. 107, 112.

Of course, judgment of revival cannot be entered against B. R. Adams or his legal representatives unless they are duly served with the *scire facias* and have their day in court, and we do not think it is the intention to attempt to do so in this proceeding; but the plaintiff has the right to elect against whom she will proceed in this case, and she has apparently elected to proceed against U. R. Adams alone. We do not deem the contents of these two paragraphs a sufficient defence.

The eighth paragraph is as follows:

"That as substantive, distinct and complete defences to the proposed revival of said judgment the defendant will specially plead payment, set-off, certificate of excess and *nul tiel* record at the trial of this case."

The affidavit of defence has been filed, and we presume it contains the full and complete defence of the defendant, U. R. Adams. If it does not, it should. We find no claim of payment set up except as to the items alleged as a set-off, the legality of which in this proceeding we have already made disposition. It is not claimed that payment was made in any other manner. And, the set-off not being allowable, we fail to see how a certificate of excess could be given by any trial judge upon the trial of the case. And we find no statements or allegations denying the record or its validity or existence. So we fail to see how *nul tiel* record could be pleaded. If the items of alleged set-off are correct and *bona fide*, we think they should have been presented to the legal representative of J. Brit Adams when his estate was settled many years ago. But apparently nothing has been said about them till this proceeding on this judgment was begun, so that, if they exist at all, they must be far beyond the statutory period as applicable to book accounts.

We do not know what more to add to make our views as to the matter before us plainer than we have herein stated. The defendant chose to stand upon his affidavit of defence. He might have amended it or supplemented it if he chose so to do. Not having done so and offering no further defence than

Adams, to use of Drake, v. Adams et al.

is in it contained, we must frankly say we do not consider it sufficient to pre-vent a revival of the judgment.

And now, to wit, July 18, 1925, the rule for judgment for want of a suffi-cient affidavit of defence as against U. R. Adams is made absolute. Let judg-ment be so entered upon fulfillment of the usual legal requirements.

                              **From Charles P. Ulrich, Selinsgrove, Pa.**