## Barnhart et al. v. Herring

*Budd B. Boose*, for plaintiffs.

*A. M. Matthews*, for defendant.

Boose, P. J., August 8, 1945.—On April 2, 1934, Emma Herring, the above-named defendant, executed and delivered her judgment note to W. F. Barnhart for $1,650, payable on demand, with interest, upon which

note judgment was entered under the warrant of attorney contained therein on April 21, 1934, to no. 277, May term, 1934. W. F. Barnhart, the payee in the note and plaintiff in the judgment entered thereon, died June 15, 1944; and on November 24, 1944, the death of the said W. F. Barnhart, alias William Freeman Barnhart, was suggested on the record of said judgment, and his above-named administrators were substituted as plaintiffs in said judgment. On the same day, plaintiffs caused a writ of scire facias to be issued upon said judgment to revive the same and continue the lien thereof. On December 6, 1944, defendant filed an affidavit of defense alleging payment of said judgment during the lifetime of the said W. F. Barnhart, deceased. Upon the issue raised by the pleadings, the case was tried before a jury, resulting in a verdict for defendant.

The case is now before the court upon plaintiffs' motions for a new trial and for judgment n. o. v. The reasons assigned in support of the motion for a new trial are: That the verdict was against (1) the law; (2) the evidence; (3) the weight of the evidence; (4) the charge of the court; and (5) that the court erred in the charge to the jury. The motion for judgment n. o. v. is based upon the whole record under the provisions of the Act of April 22, 1905, P. L. 286. Upon the oral argument, the motion for a new trial was not pressed, and will, therefore, not be considered. The stress of the argument was in support of the motion for judgment n. o. v., which will now be considered.

The defense to the judgment upon which the writ of scire facias was issued is payment. The method and medium of payment, as alleged in the affidavit of defense, was as follows: That at the time said judgment was entered, it was orally agreed between W. F. Barnhart, plaintiff, and Emma Herring, defendant, that the indebtedness represented by said judgment and the interest thereon should be paid by furnishing him

board and room at the rate of $35 per month; that from the date of said judgment to the date of the death of plaintiff, a period of 122 months, she did furnish him with board and room at said monthly rate amounting to $4,270; and that said judgment was more than fully paid during the lifetime of plaintiff in said judgment. The plaintiffs' counsel contended during the trial of the case, and now earnestly argues and contends in support of the motion for judgment n. o. v.; that defendant's claim for board and room cannot be set up as a defense to the judgment. This contention raises the crux of the case.

The law is clear and well settled in Pennsylvania that the only defense in the trial of a scire facias on a judgment is a denial of the existence of the judgment, or proof of subsequent satisfaction or discharge thereof: Dowling, Admx., v. McGregor, 91 Pa. 410; Lauer, Assignee, to use, v. Ketner, 162 Pa. 265; Moll, to use, v. Lafferty, 302 Pa. 354; Curry v. Morrison, 40 Pa. Superior Ct. 301; Taylor v. Tudor et al., 83 Pa. Superior Ct. 459. A corollary of the rule is: "If there is anything settled in this jurisdiction it is that a debt not in judgment cannot be set off against a judgment": McKee v. Verner, 239 Pa. 69, 75; Thorp v. Wegefarth, 56 Pa. 82; Keystone Nat. Bank, to use, v. Deamer, 144 Pa. Superior Ct. 52. The rule which denies a set-off in scire facias proceedings on the judgment is particularly applicable where the set-off is claimed as to an open or unsettled claim or account: Hopkins v. Stockdale, 117 Pa. 365; Curry v. Morrison, supra. In a scire facias to revive a judgment, an offer to prove as a set-off an item of indebtedness of the plaintiff to the defendant is inadmissible unless followed by evidence that the plaintiff accepted and acknowledged the item as a credit upon the judgment: Bishop v. Goodhart et al., 135 Pa. 374.

In the present case the defense to the scire facias on the judgment is not merely a set-off of an open or un-

settled claim or account, but it was followed by evidence to the effect that at the time the note upon which the judgment was confessed was executed and delivered, there was a contemporaneous oral agreement between W. F. Barnhart, the payee in the note, and plaintiff in the judgment, and Emma Herring, the maker of the note and defendant in the judgment, that the same should be paid, satisfied and discharged by the latter furnishing the former board and room at an agreed monthly rate. It also appeared from the evidence that at the time said note was executed and delivered, the payee of the note and plaintiff in the judgment was boarding and rooming in the defendant's home, and thereafter he continued so to do until the time of his death, without paying any money for his boarding and lodging during said period of time. If this evidence is true, and it stands entirely uncontradicted, then it plainly indicates that plaintiff accepted and acknowledged this manner and method of payment as satisfaction and discharge of his judgment against defendant; and this seems to bring the case within the rule la down in Bishop v. Goodhart, supra. Some color an credence is given to defendant's evidence by the fact that the said plaintiff did not attempt to revive said judgment during his lifetime, but allowed the lien thereof to expire and the judgment to become dormant. Set-off or counterclaim is not a defense to a proceeding to revive a dormant judgment unless there has been an agreement to apply it, in which event it is treated as payment: Baker Steel & Machinery Co. v. Ferguson et al., 137 Neb. 578, 131 A. L. R. 798. The case of Drumm v. Hart, 28 Lanc. 191, is closely analogous to the present case. There, unlike here, the payee of the note died before the entry of judgment thereon. Subsequently one of his administrators entered judgment, and upon petition and rule to show cause why the judgment should not be opened and defendant let into a defense, a defense was introduced of an unliquidated

claim for boarding alleged to be owing by the deceased payee to defendant and to be applied upon the note. The court refused to open the judgment for the reason that there was no evidence to prove an agreement that the claim for boarding was to be credited on the note, and arose out of transactions unconnected with the note which was in judgment. That case is clearly distinguishable from the present case. Sanders v. Krater, 57 York 33, is to the same effect.

This is one of those unfortunate cases where one of the parties to the transaction (original plaintiff in the judgment) is dead, and the survivor (defendant in said judgment) was thereby rendered incompetent to testify. Plaintiffs, as the personal representatives of the deceased, were at a disadvantage during the trial, because they had no knowledge of the transactions between their decedent and defendant; and, therefore, they could not contradict the evidence introduced by defendant. Defendant was equally handicapped because of her incompetency to testify to her knowledge of the transactions. The testimony was not as clear, definite and satisfactory as might be desired, but it is probably the best and only evidence available under the circumstances. The question of the payment of the judgment in suit was exclusively for the jury, as well as the credibility of the witnesses and the weight of their testimony. No reason has been shown which would justify or warrant the granting of a new trial; nor are we convinced that the court has the power and authority to enter judgment for the plaintiffs n. o. v. under the law and all the evidence in the case.

### Order

Now, August 8, 1945, the rules to show cause why a new trial should not be granted or judgment non obstante veredicto should not be entered for the plaintiffs are both discharged.